FESHE *et al.* v. THE COUNCIL BLUFFS INSURANCE COMPANY.

**Fire Insurance**: DWELLING-HOUSE: BREACH OF CONDITION AS TO OCCUPANCY. The insured property was a dwelling-house occupied by a tenant. The policy provided that it would be void if the property became "wholly or partially vacant or unoccupied, or occupied for purposes not indicated in the written part of the policy." The tenant moved out September 26, and the property was burned on the night of October 1 following. The owner, who lived a mile and a half distant, spent a part of each intervening day in examining and cleaning the house, but did not stay there at night; and her father, who worked near, left an axe and grub-hoe in the house at night. Otherwise the house was unoccupied. *Held* that there was a breach of the conditions of the policy, and that no recovery could be had thereon. (See opinion for cases followed and distinguished.)

*Appeal from DesMoines District Court.*—HON. CHAS. H. PHELPS, Judge.

FILED, SEPTEMBER 4, 1888.

ACTION on a policy of insurance against loss or damage by fire. Trial by jury, verdict and judgment for plaintiff, and defendant appeals.

*R. W. Barger*, for appellant.

*S. L. Glasgow*, for appellee.

SEEVERS, C. J.—The property insured is described in the policy as follows: "One and one-half story frame shingle-roof dwelling." The policy contains the following provision: "This policy shall become void if any building hereby insured, or containing the property insured, be or become wholly or partially vacant or unoccupied, or occupied for purposes not indicated in the written part of the policy." At the time the policy was executed, the dwelling was occupied by a tenant as a dwelling-house, and the defendant pleaded that at the time it was destroyed, and for several days prior thereto, the building was vacant and unoccupied. When the plaintiffs had introduced their evidence and rested, the defendant moved the court to direct the jury to return a verdict for it. The motion was overruled. It should have been sustained. The undisputed facts are that the tenant moved out on Saturday, the twenty-sixth day of September, 1886. The plaintiff lived about one-half mile from the building, and she and her husband, on the next day after the tenant moved out, went to and entered the building and spent some time in examining it. On the next day the plaintiff returned to the house, cleaned one of the rooms, and continued to do so on each day thereafter, including Friday, the first day of October. The house was destroyed by fire on the last-named Friday night. When cleaning the house, the plaintiff would come over in the morning, remaining until noon. She would then go home, get her dinner,

come back in the afternoon, and then return home in the evening. Plaintiff's father was working near the house, and left at night therein an axe and grub-hoe. The house was not occupied, except as above stated. The house was insured as a dwelling, and the parties contracted that if it became vacant, or ceased to be occupied as such, wholly or partially, the policy should become void. This is the only possible construction of the contract. Our province is to construe and enforce it. The building, between the time the tenant left it and the fire, clearly was not occupied as a dwelling-house, and was at least partially vacant. The plaintiff, when there, did not live or dwell therein, but her home and residence was a half mile distant. Not only so, but the house, to all intents and purposes, was vacant and unoccupied within the true meaning and intent of the policy. There was nothing left or placed in the house which indicated an intent to occupy it as a dwelling at any time. It is true, it had been rented, and a tenant expected to take possession in about two weeks subsequent to the fire, but this is immaterial. The authorities, we think, without a single exception, are in accord with the views above expressed. *Dennison v. Phoenix Ins. Co.*, 52 Iowa, 457; *Sexton v. Hawkeye Ins. Co.*, 69 Iowa, 99, and authorities cited. See, also, *Fitzgerald v. Conn. Fire Ins. Co.*, 64 Wis. 463; *Sleeper v. N. H. Fire Ins. Co.*, 56 N. H. 401; *Litch v. North British & M. Ins. Co.*, 136 Mass. 491. Counsel for the plaintiff cite and rely on *Shackelton v. Sun Fire Office*, 55 Mich. 288; *Cummins v. Agricultural Ins. Co.*, 67 N. Y. 260; *Herrman v. Merchants' Ins. Co.*, 81 N. Y. 184; *Phoenix Ins. Co. v. Tucker*, 92 Ill. 64; and *Eddy v. Hawkeye Ins. Co.*, 70 Iowa, 472. These cases are all clearly distinguishable because of the conditions of the policies, or the facts were materially different from those existing in this case. The appellee has filed a motion to strike the evidence from the abstract, on the ground that it is not properly identified; but we think it is, and therefore the motion must be overruled, and the judgment of the district court is          REVERSED.