L. H. CRAIG, Respondent, v. THE SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, March 4, 1889.

Insurance: OCCUPANCY OF DWELLING HOUSE, WHAT IS. The assured, a farmer, rented his place to a tenant who was to move in about March 1. He left the house four weeks before the fire, and soon his wife did likewise, but visited the house at intervals. All the stock was moved from the place. Most of the wearing apparel was left in the house, as was also a portion of the household articles, some packed, most not, and no one slept in the house. Plaintiff never returned, except once, and that, on the day of the fire, March 31, to change his clothing. Held, the foregoing is not such occupancy as is required by the stipulation in the policy of insurance, which requires a living in and not a supervision over, following Cook v. Ins. Co., 70 Mo. 610.

Appeal from Mercer Circuit Court.—HON. G. D. BURGESS, Judge.

REVERSED.

H. J. Alley and Thomas Bates, for appellant.

The first condition of this contract to which we wish to call the court's attention, reads as follows : " If the above mentioned building be, or becomes, vacant or unoccupied without consent endorsed hereon, then in such

case this policy shall be null and void." It is not pretended by anybody that this house was occupied at the time of the fire. There is no pretense that any one occupied the house for three or four weeks before the fire, and the evidence shows that appellee had no intention of ever living in the house again. The language of the contract is " vacant or unoccupied." 1 Wood on Ins. ( 2 Ed.) p. 223 ; *Herman v. Ins. Co.*, 85 N. Y. 163 ; *Ashworth v. Ins. Co.*, 112 Mass. 422 ; *Sleeper v. Ins. Co.*, Ins. Law Jour. 538 ; *Keith v. Ins. Co.*, 10 Allen ( Mass.) 228 ; *Ins. Co. v. Foster*, 92 Ill. 335 ; *Cook v. Ins. Co.*, 70 Mo. 610 ; *Payne v. Ins. Co.*, 5 T. C. ( N. Y.) 619 ; *Corrigan v. Ins. Co.*, 122 Mass. 298. The supreme court held that this instruction was proper. *Moore v. Ins. Co.*, Atlantic Rep. ; *Bennet v. Ins. Co.*, 50 Conn. 429 ; *Poor v. Ins. Co.*, 125 Mass. 277 ; *Lonneborn v. Ins. Co.*, 44 N. J. Law, 220 ; *Ins. Co. v. Wells*, Ohio Sup. Court Ins. Law Jour. Feb'y, 1886 ; *Ins. Co. v. Myers*, 63 Ind. 238 ; *Dennison v. Ins. Co.*, 52 Iowa, 457 ; *McClure v. Ins. Co.*, 90 Pa. 277 ; *Litch v. Ins. Co.*, 136 Mass. 491 ; *Alston v. Ins. Co.*, 80 N. C. 326 ; *Ins. Co. v. Wells*, 14 Ins. Law Journal, 171.

*Hyde & Orton*, for respondent.

(1) The issue as to non-occupancy and vacancy was properly submitted to the jury, and the evidence was ample and sustains the verdict. A temporary absence does not forfeit the policy, much less a temporary failure of the family to sleep and regularly cook and eat in the house for a few days. *Eddy v. Ins. Co.*, 70 Iowa 472 ; 59 Am. Rep. 454 ; *Ins. Co. v. Lucke*, 92 Ill. 64 ; 34 Am. Rep. 107 ; *State v. Murchison*, 34 Mo. 344 ; Roscoe, Crim. Ev. 334, and cas. cit. ; *Paso v. Assurance Co.*, 7 Lea 704 Tenn., 40 Am. Rep. 68 ; *Shackelton v. Ins. Co.*, [Mich.] 21 N. W. Rep. 343. (2) The language of this condition is that selected by the company and is technical, and invoked to create a forfeiture, and should be

rigidly construed against the defendant.  *Bailey v. Homestead Insurance Company,* 80 N. Y. 21 ; 1 Wood Ins. 145-6.

ELLISON, J.—This action is on a policy of insurance providing that if the house became " vacant or unoccupied without consent endorsed hereon, then in such case this policy shall be null and void."

The evidence has been fully presented to us and has been carefully considered.  It establishes the following facts :

The fire occurred on the night of March 31.  Plaintiff, a farmer, had traded for a stock of goods at Moulton, Iowa, where he had been in attendance all winter when he moved the stock, or was in the act of moving it to Cainesville, Missouri, a town about eight miles from the house which was burned.  The farm and house had been rented to a tenant who was to move in about the last of March.

Plaintiff was at the house some four weeks before the fire, when he left, leaving there his wife and child who remained a few days and then left, going to his father's, about three quarters of a mile away, where they remained.  Plaintiff's stock had been taken to his father's and sold, nothing animate remaining on the premises, save some chickens.  Plaintiff himself was not at the house after his wife left it till the day of the fire, when he went there for a short time for the purpose of changing his clothing.  His wife and his mother, with whom she was staying, went to the house at intervals during this period and at one time began to do some washing, but desisted on account of it being too cold.  The cooking stove, though remaining in the house, was sold to the tenant who was to move in.

Most of the family wearing apparel was in the house, a portion of the household articles was packed, but much the greater portion was not.  No one slept

in the house from the time plaintiff's wife left it.  An opinion by HENRY, J., in the case of *Cook v. Ins. Co.*, 70 Mo. 610, in which the whole subject is considered and the authorities reviewed, determines this case against plaintiff, and so fully and completely covers the essential features in this case, that we are relieved of a discussion of the matters presented here or a restatement of the doctrine announced in that opinion.

Suffice it to say that the evidence here does not present a case of a fire happening during the mere temporary absence of the insured or his family.  Occupation of a dwelling house is living in it.  Supervision over it is not sufficient.  *Cook case, supra.*

Aside from this, to my mind, the evidence clearly establishes that neither plaintiff nor his family intended to return to the house as a place of abode, but that they did intend to hold it, in part at least, as a place for the safe keeping of their household effects till they could arrange for a different residence.

The judgment will be reversed.  All concur