WILLIAM N. WHEELER, Appellant, v. THE PHŒNIX INSURANCE COMPANY, of Brooklyn, New York, Respondent.

### Kansas City Court of Appeals, April 3, 1893.

Insurance: STIPULATION AGAINST VACANCY. Where an insurance policy as in this case only insures during the time the building shall not be vacant, the insurer will not be liable for a loss occurring during a vacancy, and this, too, notwithstanding the agent issuing the policy knew the house was a tenement house. Cases reviewed.

*Appeal from the Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*Harry K. West,* for appellant.

The conditions of an insurance policy against vacancy or non-occupancy are to be construed with reference to the property insured, and the non-occupancy occasioned by the ordinary change of tenants, being a mere incident to tenement property, will not vitiate the policy. *Whitney v. Ins. Co.,* 72 N. Y. 117; Wood on Fire Insurance [2 Ed.] sec. 91, p. and following; Wood on Fire Insurance [2 Ed.] sec. 47, p. 115; Wood on Fire Insurance [2 Ed.] sec. 252, p. 590; *Schultz v. Ins. Co.,* 57 Mo. 337; *La Force v. Ins. Co.,* 43 Mo. App. 518; the cases of *Cook v. Ins. Co.,* 70 Mo. 610, and *Craig v. Ins. Co.,* 34 Mo. App. 481, are not opposed to this view. The maxim *contra proferentem*

applies with peculiar force to contracts of insurance. *Hale v. Ins. Co.*, 46 Mo. App. 508; *La Force v. Ins. Co., supra; Williams v. Ins. Co.*, 54 N. Y. 569; *Hoffman v. Ins. Co.*, 32 N. Y. 405.

*Huston & Parrish*, for respondent.

The provision in reference to the occupancy of the house was most liberal. The court will observe that vacancy does not forfeit the policy, but only suspends it during the time the house remains unoccupied. This is the contract of the parties. The cases almost unanimously everywhere sustain the condition, even when it goes to the absolute forfeiture of the policy. *Ins. Co. v. Wells*, 42 Ohio, 519; *Watson v. Ins. Co.*, 15 Wis. 138; *Savings Inst. v. Ins. Co.*, 119 Mass. 240; *Harrison v. Ins. Co.*, 9 Allen, 231; *Ins. Co. v. Burns*, 5 Ins. Law. Jour. (Mich.), 69; *Dennison v. Ins. Co.* 52 Iowa, 457; *Litch v. Ins. Co.*, 13 Mass. 381; *Ins. Co. v. Padfield*, 78 Ill. 169; *Ridge v. Ins. Co.*, 9 Lea (Tenn.) 507; *Fehnsy v. Ins. Co.*, 39 N. W. Rep. (Iowa) 37; *Ins. Co. v. Dryden*, 19 Ill. App. 70; *Litch v. Ins. Co.*, 136 Mass.491; *Fehse v. Ins. Co.*, 74 Iowa, 676; *Cook v. Ins. Co.*, 70 Mo. 610; *Craig v. Ins. Co.*, 34 Mo. App. 481.

ELLISON, J.—This action is on a fire-insurance policy containing a provision that no agent of the defendant company could waive any of the provisions of the policy except by writing indorsed upon the policy, containing also a provision that, if the assured obtained any further insurance on the property without the written consent of the defendant indorsed upon the policy, it should be void, and containing also the further provision that, "If during the insurance the above-mentioned premises shall become vacant or unoccupied, then and from thenceforth, so long as the

same shall continue vacant or unoccupied, this policy shall cease and be of no force or effect."

At the time of the fire, which occurred on Saturday night, the property was vacant and unoccupied, the tenants therein having moved out on Friday, the day before. The circuit court sustained a demurrer to the evidence and plaintiff appeals. The plaintiff seeks to avoid the effect, under the policy, of the house being vacant and unoccupied at the time of the fire, by the following testimony given by him at the trial, viz.: "The house in question was bought by me for a tenement house and was always used for that purpose. Mr. Waugh, the defendant's agent, who issued the policy, knew this when he issued the policy. It was at that time occupied by a tenant, and at the time of the fire my tenants, Summers and Ramsey, had charge of the property. They had paid the rent up to May 12, and the fire occurred on the tenth of May."

It will be noticed that the stipulation in the contract of insurance is absolute and unconditional. It is wholly contractual in its context. There is no penalty or forfeiture contained in its provisions. It plainly states an agreement to insure the building *only during the time or times* that it shall not be vacant or unoccupied. There is no agreement or undertaking in the writing, express or implied, that the insurance shall cover or apply to a time when it is vacant or unoccupied; and we cannot interpolate or ingraft such additional stipulation without doing violence to fundamental principles of law.

The fact that it was a tenant house, occupied by a tenant when insured, and that these facts were known to the agent effecting the insurance, in our opinion, can have no weight against the express terms of the contract. The company's knowledge that a house was of such a character as might likely become vacant, we

could fairly assume, would make it more particular to see that such contingency was provided against by agreement. It is the probability of the occurrence of a thing that makes a cautionary provision against its occurrence of any value. If a thing is not at all liable to happen one may be careless in providing against it, either in contracts or other affairs of life.

But counsel argues that the subject matter of this insurance is a tenement house, and that the conditions of the policy should be construed with reference to tenement property in order to ascertain its true meaning. And in support of this principle we are cited to Wood on Fire Insurance, wherein it is said that that author states principles analogous to that contended for here. We think they are not applicable. That that author understands the law as we have here written is evident from sections 91 and 92 of the second edition of his work. If there had been no provisions in the policy against vacancy or occupation, but there had occurred a vacancy which increased the risk, then, in such case, the knowledge that the house was a tenement house and likely to become vacant by reason of ingoing and outgoing tenants, might affect the construction to be placed upon the policy. For in such case it would not be necessary, in order to avoid the effect of a vacancy, to fly in the face of the plain agreement of the parties. *Lockwood v. Ins. Co.*, 47 Conn. 553; Wood on Insurance, sec. 91.

That the fact that the house was used for renting purposes cannot alter the construction of the express condition of the policy, is abundantly sustained by authority. The supreme court of Ohio said in *Farmers' Ins. Co. v. Wells*, 42 Ohio St., 519, that "The condition that the policy should be void if the building therein mentioned be vacated or left unoccupied was

absolute. The parties to the contract were competent to make such stipulation. The only question, therefore, which arises in the case is: Was the building vacated or left unoccupied? It was insured as a dwelling house. On the facts, this question must be answered in the affirmative. At the time of the fire the tenant had removed therefrom and had ceased to occupy it as a dwelling house. The leaving of a barrel of bran and a coal oil can by the departing tenant did not prevent the voidance of the policy. The length of time elapsing after the vacation before the fire is wholly immaterial.''

In *Aetna Ins. Co. v. Meyers*, 63 Ind. 238, there was a similar provision to the one here. The house had been vacated by tenants four days before the fire and was to be occupied by others as soon as it could be repaired. The court said: ''Here a tenant house is insured for a year. A change of tenants during the time is not prohibited, and might naturally be expected; short intervals in which the property would be vacated might naturally occur. The contract (policy) provided that, when they did occur, the policy should not be operative during their existence. The rate of insurance, we may presume, was less than it would otherwise have been, in consequence of this provision. * * * The insured took the risk of loss himself, during such period, a fact which would naturally stimulate him to promptness in procuring a tenant on the house becoming vacant.''

In *Bennett v. Ins. Co.*, 50 Conn. 420, also involving a house occupied by tenants, the trial court charged the jury in much the same language and along the same line of plaintiff's contention in this case. But the supreme court repudiated the charge and held that it could not be allowed any weight against the express terms of the contract. In that case the building

burned in a few hours after it was vacated by the tenant; but the court said that this made no difference. "The important question was—was it in fact unoccupied?"

The case of *Ridge v. Ins. Co.*, 9 Lea, 507, is a case greatly like the one at bar, in the effort to avoid the stipulation of the policy. The bill contained an allegation that the local agent of the company was familiar with the property and the purposes for which it was used, and knew that in all probability it would necessarily become temporarily vacant by the ordinary changing of tenants, and that it was not contemplated by the parties that the policy should become void in such contingency. The question was whether upon these allegations the company was liable. The court said that "it was but a question as to the true interpretation of the contract." The argument for the complainant was, that although the house was in fact vacant and unoccupied at the time it was burned, yet it was not the character of vacancy contemplated by the contract. That it being known that the house was leased or rented to tenants, it must necessarily have been contemplated that an occasional change of tenants would probably occur during the three years the policy was to run, and it would be unreasonable to suppose that it was contemplated that the vacancy, necessarily occurring upon one tenant moving out and another moving in, should render the policy void, or that the assent of the company should be obtained to such change of tenants in order to keep the policy alive, and although in this instance the vacancy continued four or five days, yet, upon the facts stated, it was no more than the necessary and reasonable vacancy occurring upon a change of tenants, and was therefore not the character of vacancy which, in the meaning of the contract, was to avoid the policy. The court said of

this that "the parties regarded the risk as greater during a vacancy of the premises, and not without reason, as when the premises are occupied it is not so much exposed to incendiaries, and the beginning of a fire would be more promptly discovered and extinguished, and hence without any additional permission or without notice, or the assent of the company, they were unwilling to assume the risk during the vacancy, and so the contract stipulates. Now the question is, whether notwithstanding this stipulation the company will, nevertheless, be liable for the loss occurring during a vacancy, provided the vacancy be of short duration, or in the language of the bill a necessary and not unreasonable vacancy, occurring by a tenant unexpectedly moving out and the difficulty of procuring another to take his place at once. If the risk be greater during a vacancy, then the length of the vacancy is immaterial as to the degree of the risk; it is only material as to the continuance of the risk. A house vacant for five days is during the period as completely vacant as it would be if so continued for six months. The increased risk is the same in either case, the difference being only in the period of its continuance. Furthermore, how are the courts to determine what would be reasonable vacancy? What period of time shall they fix? If the policy covers a loss occurring during a vacancy continuing *five* days, why not ten or twenty? The same misfortune of the owner might prevent him from getting a tenant for even a longer time. The owner, however, having failed to stipulate for such contingency, and procure a policy without limit in this respect, and having failed to procure the assent of the company, it simply results that during the period of vacancy he is without insurance, and carries the risk himself."

In the case of *Fehse v. Ins. Co.*, 74 Iowa, 676, a

similar question was the sole controversy and the court enforced the terms of the condition or stipulation exactly as written, stating that the authorities without a single exception supported this view.

The foregoing embraces as many of the authorities as we care to notice in this opinion; but those who care to investigate the question further will find cases more or less instructive in the following reports which have been cited us by counsel. *Sleeper v. Ins. Co.*, 56 N. H. 401; *Watson v. Ins. Co.*, 15 Wis. 138; *Savings Inst. v. Ins. Co.*, 119 Mass. 240; *Harrison v. Ins. Co.*, 9 Allen, 231; *Dennison v. Ins. Co.*, 52 Iowa, 457; *Ins. Co. v. Padfield*, 78 Ill. 167; *Litch v. Ins. Co.*, 136 Mass. 491; *Cook v. Ins. Co.*, 70 Mo. 610; *Craig v. Ins. Co.*, 34 Mo. App. 481. The cases cited to us by the plaintiff's counsel are not considered by us as contrary to the authorities which we have discussed herein.

It follows that the judgment of the circuit court should be affirmed. All concur.