JAMES T. NORMAN, Appellant, v. MISSOURI TOWN MUTUAL FIRE, LIGHTNING, TORNADO, CYCLONE & WINDSTORM INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, April 4, 1898.

Insurance: VACANCY: MOVING FAMILY. A tenant was moving his family, but not getting through that day left a portion of his furniture in the house, though his family occupied a new home that night. The old home was burned during the night. *Held*, it was not vacant within the stipulation of the policy against vacancy.

*Appeal from the Gentry Circuit Court.*—HON. CYRUS A.
ANTHONY, Judge.

REVERSED AND REMANDED (*with directions*).

ALESHIRE & BENSON for appellant.

(1) Where there is any evidence tending to es-
tablish the allegations of the petition, the court can
not withdraw the case from the jury and peremptorily
instruct them to find for the defendant, as the trial
court did in this case.   Cook v. R'y, 63 Mo. 397; Kelley
v. R'y, 70 Mo. 609; Okey v. Ins. Co., 29 Mo. App.
111; Higgins v. R'y, 43 Mo. App. 552; Patterson
v. R'y, 47 Mo. App. 570; Wolf v. Campbell 110 Mo.
120; Gregory v. Chambers, 78 Mo. 298; Mackin v.
R'y, 45 Mo. App. 82; Price v. Barnard, 65 Mo. App.
649; Jacobs v. Ins. Co., 43 S. W. Rep. 378; Bart-
lett v. Ball, 43 S. W. Rep. 785; Francis v. R'y, 110
Mo. 397; Alcorn v. R'y, 108 Mo. 81; Buck v. R'y,
108 Mo. 179.   (2) What constitutes a vacancy is for
the jury under suitable instructions from the court.
1 Biddle on Ins., p. 668;   Ins. Co. v. Tucker, 92 Ill. 64;
Ass. Co. v. Mason, 5 Brad. (Ill.) 141; Ring v. Ins.
Co., 145 Mass. 426; Carr v. Ins. Co., 60 N. H. 513;
Venderhoof v. Ins. Co., 46 Hun. (N. Y.) 133; Chandler
v. Ins. Co., 88 Pa. St. 223; Ins. Co. v. Strong, 137
Ill. 646; Suppiger v. Ben. Ass'n of Ill., 20 Ill. App.
595; Ins. Co. v. Mendenhall, 164 Ill. 468; Sherman v.
Ins. Co., 161 Ill. 439; Shultz v. Ins. Co., 57 Mo. 331.
(3) The word "vacant" and the word "unoccupied"
do not have the same meaning, the word vacant being
much the stronger term.   Herman v. Ins. Co., 81 N. Y.
184; Herman v. Ins. Co., 85 N. Y. 162; 28 Am. and
Eng. Ency. of Law, pp. 1, 2, and notes 3, 4 and 5;

Ins. Co. v. Race, 142 Ill. 338; May on Ins. [3 Ed.] 249a; 2 Bouvier's Law Dictionary [14 Ed.], p. 631; Ostrander on Ins. [2 Ed.], sec. 144, p. 407; Shultz v. Ins. Co., 57 Mo. 331; Hall v. Ins. Co., 46 Mo. App. 511; Laforce v. Ins. Co., 43 Mo. App. 518; Brewing Co. v. Ins. Co., 63 Mo. App. 670; Renshaw v. Ins. Co., 103 Mo. 595; Hoffman v. Acc. Indemnity Co., 56 Mo. App. 308, and cases cited on page 309.

MALCOLM McKILLOP for respondent.

(1) The terms "vacant" and "unoccupied" are used interchangeably and are equivalent in meaning. Payne v. Ins. Co., 5 Thomp. & C. 619; Kieth v. Ins. Co., 10 Allen, 228; Ashworth v. Ins. Co., 112 Mass. 423. (2) The evidence in the case at bar shows clearly that no one lived in or occupied said house from the afternoon of October 5 until after the building was burned, on October 6. The question as to what constitutes a vacancy of the house was a question of law for the court to pass upon, and the undisputed facts showing the house to be vacant at the time of the fire, there was no question of fact to submit to the jury and it became the duty of the court to direct the verdict for the defendant. Sleeper v. Ins. Co., 56 N. H. 401; Ins. Co. v. Tucker, 92 Ill. 64; 6 Atl. Rep. 29; Cook v. Ins. Co., 70 Mo. 610. According to the evidence this house was unoccupied as well as vacant. Cook v. Ins. Co., 70 Mo. 610; Dennison v. Ins. Co., 52 Iowa, 457; Moore v. Ins. Co., 64 N. H. 611; 6 Atl. Rep. 27; Ostrander on Fire Ins., sec. 150, p. 415; Luce v. Ins. Co., 110 Mass. 361; Joyce v. Ins. Co., 45 Mo. 531; Ass. Co. v. Dunbar, 26 S. W. Rep. 628; Bennett v. Ins. Co., 50 Conn. 420; Cook v. Ins. Co., 70 Mo. 610; Ins. Co. v. Wells, 42 Ohio St. 519.

GILL, J.—This is an action on a fire insurance policy, the defense being that at the time the building was destroyed the same was vacant contrary to a condition of the policy which provided that "as soon as buildings become vacant the insurance shall be void." At the close of the evidence the trial court gave an instruction directing a verdict for defendant; thereupon plaintiff took a nonsuit with leave, and the court refusing 'afterward to set the same aside, plaintiff appealed to this court.

STATEMENT.

The decisive question is, was the building *vacant* when destroyed. The structure was a two story frame situated in the town of Stanberry, and at the issuance of the policy was occupied by a tenant as a combination restaurant and residence. On the afternoon of October 5, 1896, the tenant began to move his furniture from the building into another in the same town, his intention being to change his residence. The goods were hauled by a party who had only one conveyance (and that a dray), and when night approached the moving was not complete and a substantial portion of the tenant's furniture, etc., was left in the building— the intention being to finish the hauling the next morning. The tenant's family lodged that night in their new abode, but retained the keys and possession of plaintiff's building until they should have time the next day to move the remainder of the household effects. But during the night of the fifth and sixth, and at about one o'clock in the morning, the building and contents were destroyed by fire which the evidence tended to show, was communicated to it from an adjoining building. The origin of the fire is under the evidence in some doubt, nor is it material, since there is no pretence or suspicion of any unfairness on the part of the insured.

On the above state of facts—and which under the testimony is undisputed—the trial court, in effect, held, that the building was *vacant* when the fire occurred, and the policy therefore void. In our opinion this was error.

INSURANCE: vacancy: moving family.

We think the building was not at the time *vacant* in the ordinary meaning of that word. The word vacant primarily signifies "deprived of contents; empty; not filled; as a vacant room. A thing is vacant when there is nothing in it." Webster's Unabridged Dictionary. Vacant and unoccupied are not synonymous —though sometimes so used. 1 May on Ins. [3 Ed.], sec. 249a; Ostrander on Fire Ins. [2 Ed.], sec. 144. *Vacancy* correctly speaking can only occur when the building is empty, contains substantially nothing; while *occupancy*, when speaking of residences, refers more particularly to human habitation, the *pedis possessio* or actually living in the dwelling. The last named author thus illustrates the difference between vacant and unoccupied: "The distinction," he says, "is perhaps more clearly marked in the case of a dwelling house from which the family has removed, leaving a portion of their household goods in the building. It will not be *vacant*, but *occupation* is at an end when it is no longer the place of abode of any living person."

In Herman v. Ins. Co., 81 N. Y. 184, Judge EARL says: "A dwelling house is unoccupied when no one lives therein, but it is not then necessarily vacant. A house filled with furniture throughout (such as the one then under consideration) can not be said to be vacant, the primary and ordinary meaning of which is *empty*." So in this case, though the dwelling in question was at the time the fire occurred *unoccupied*—that is, there was no one living in it—yet it was not *vacant*, that is empty. It is true that *all* the household goods

of the tenant were not then in the building—a portion had been moved, but there was a substantial portion remaining, and the tenant had the actual use of the house to shelter and protect his goods; they were "under lock and key" and held there for removal the succeeding day. Removal was *in fieri*, not complete. If the tenant had, on the evening of October 5, taken his family to a neighbor's house, leaving his household goods packed and ready for moving the next day, could it with any show of reason be said that the building was vacant? Surely not. Neither could it be said to be vacant if the tenant had taken away a portion and left a portion for removal the following day. The house would not in either event be vacant, though unoccupied.

The cases relied on by defendant to support the action of the trial court are instances where the buildings were claimed to be "unoccupied," "vacant or unoccupied" and "vacant and occupied." As for example see, Cook v. Ins. Co., 70 Mo. 610; Wheeler v. Ins. Co., 53 Mo. App. 446, and cases there cited. It seems that defendant's counsel, as well as the trial court, have failed to distinguish between the condition of a policy involving *vacancy* merely and that providing against want of *occupancy*.

As to these and like conditions inserted in policies of insurance, the courts will not enlarge the meaning of words used so as to save the insurers from their obligations, but will hold them rather to the strict terms of their contracts. And if words of doubtful meaning are inserted in the contract of insurance, then that construction will be adopted which is most favorable to the policy holder.

The material facts of this case are conceded, and are to the effect as heretofore stated. It is also conceded that if plaintiff is entitled to recover at all the

amount due at the institution of this suit was $400.

The judgment then of the lower court will be reversed and the cause remanded, with directions to enter judgment for plaintiff in the sum of $400 with six per cent per annum interest from the date the petition was filed.   The judges all concur.