C. F. HOOVER et al., Respondents, v. MERCANTILE TOWN MUTUAL INSURANCE COMPANY, Appellant.

**St. Louis Court of Appeals, March 18, 1902.**

1. **Policy of Insurance: WHEN IT BECOMES VOID.** A policy of insurance provided that it would be void if the building described should "be or become vacant or unoccupied and so remain for ten days," unless by agreement indorsed on or added to the policy. The building became vacant for a longer period, after which it was occupied and so remained until the fire. *Held,* that the policy had been avoided.

2. ————: **BURDEN OF PROOF.** Under a policy such as is above described, the burden of proof to show the unoccupied condition of the building is upon the defendant.

3. ————: **WARRANTIES IN: STATUTORY CONSTRUCTION.** The Missouri Act of 1897 (Rev. Stat. 1899, secs. 7973, 7974) "construing warranties" in certain insurance policies does not alter the effect of a stipulation in a town mutual fire policy by which it becomes void if a building is allowed to be vacant or unoccupied for a specified period of time. The word "condition" in the second section in said act (Rev. Stat. 1899, sec. 7974) refers to facts existing when the policy is made.

4. **Exemption: TOWN MUTUAL FIRE INSURANCE COMPANIES ARE EXEMPT FROM PROVISIONS OF CHAPTER 89, R. S. 1889.** Town mutual fire and other insurance companies named in section 8084 (Rev. Stat. 1899) are exempt from the provisions of chapter 89 of Revised Statutes 1889 (now art. 6, ch. 119, R. S. 1899).

5. **Insurance: CONTRACT OF: CONSTRUCTION OF CONTRACT OF INSURANCE.** Contracts of insurance are to be construed like other contracts and their terms accepted in their plain and ordinary sense.

6. **Waiver of Forfeiture:** Slight circumstances have been held to show an intent to waive forfeiture, after knowledge thereof.

7. **Occupation of Dwelling House:** "Occupation" of a dwelling house means living in it. The use for which premises are intended should be considered in determining what is meant by the word "unoccupied" as contained in a policy.

8. **Instructions:** Instructions should not be conflicting.

9. **Practice, Appellate.** The court holds it unnecessary to decide whether section 8084 (R. S. 1899) concerning town mutual insurance companies applies to policies issued to members of those companies prior to the enactment of that section.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans, Judge.*

REVERSED AND REMANDED.

*Fyke, Yates, Fyke & Snider* for appellant.

(1) The court erred in giving plaintiff's first instruction. It ignores entirely all the defenses raised by the answer. The question whether or not insured overvalued the house in the application, was for the jury; and if he did, plaintiffs can not recover. School District v. Ins. Co., 61 Mo. App. 597; Catron v. Ins. Co., 6 Humphreys 176; 2 Bennett Fire Ins. Cases, 427. (2) The evidence is undisputed that the house was vacant and unoccupied for over two months after the policy was issued and before the fire. That terminated the contract, according to its plain and unambiguous terms. The legal effect of the reply is to admit that allegation even if the evidence did not fully sustain it. To work a termination of the policy under that condition; it is not necessary that such vacancy or non-occupancy was with the knowledge of the insured, nor that the risk was thereby increased. Therefore, defendant's second, third and fifth instructions should have been given. Fire Ins. Co. v. the County of Coos, 141 U. S. 452, and cases therein cited; Smith v. Saratoga, 3 Hill 508;

2 Bennett Fire Ins. Cases, 94-97; 1 May on Ins., sec. 70b (3 Ed.), page 126; Ins. Co. v. Watson, 23 Mich. 486-488; Cook v. Ins. Co., 70 Mo. 610; Craig v. Ins. Co., 34 Mo App. 481.

No brief for respondent.

BARCLAY, J.—This is an action upon a fire policy issued by the defendant, a "town mutual" company, to J. S. Hoover, dated October 19, 1897, insuring him against loss by fire to an amount not exceeding $600, on "his two-story frame building with shingle roof," etc., "occupied as a private dwelling," situated on the west half of block 5 in Thomasville, Missouri.

Plaintiffs are the heirs at law of the insured. He died shortly before the fire which took place May 22, 1899.

The pleadings need not be set forth particularly.

The most important phase of the defense is found in a stipulation of the policy to the effect that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

The defendant is incorporated under the statute regulating the formation of town mutual fire and other insurance companies (Laws 1895, p. 200). By provisions of the Act of 1895 such companies were exempt from the provisions of the insurance laws contained in chapter 89 (R. S. 1889).

It appears from the pleadings that the plaintiffs claimed in the trial court that the policy in question, having been issued in October, 1897, after the act approved, March 26, 1897, took effect, is to be construed in subordination to that act. Inasmuch as we have concluded that said legislation of 1897 does not, by its terms, avoid the defense set up in this

cause, it will not be necessary to determine whether policies of town mutual companies are, for any reason, immune from the provisions of said Act of 1897. The provisions of the Act of 1897 supposed to have a bearing on the result of the case in hand are as follows:

"Section 1. That the warranty of any fact or condition hereafter made by any person in his or her application for insurance against loss by fire, tornado or cyclone, which application, or any part thereof, shall thereafter be made a part of a policy of insurance, by being attached thereto, or by being referred to therein, or by being incorporated in such policy, shall, if not material to the risk insured against, be deemed, held and construed as representations only, in any suit brought at law or in equity in any of the courts of this State, upon such policy to enforce payment thereof; on account of loss of or damage to any property insured by such policy.

"Sec. 2. That the warranty of any fact or condition hereafter incorporated in or made a part of any fire, tornado or cyclone policy of insurance, purporting to be made or assented to by the assured which shall not materially effect the risk insured against, shall be deemed, taken and construed as representations only in all suits at law or in equity brought upon such policy in any of the courts of this State." Laws 1897, p. 130.

On the circuit the cause was tried with the aid of a jury. A large amount of evidence was submitted on behalf of the defendant tending to show that the insured building was occupied in September, 1898, by a tenant named Mr. Miller. He testified that he moved out of it in the last week of February, 1899. About the first part of May following, after the death of the insured, one of his sons and the widow of the insured moved into the building. In the meanwhile it was not merely unoccupied. There is much evidence that the keys were lost. The doors were unfastened the greater part of the time and often stood open. The children about town made a playground

of the premises. Occasionally domestic animals would wander into the building; many panes of glass were broken; some of the upper windows became so ruinous and exposed to the elements that when the family returned it was deemed best to cover the window-openings with boards nailed to the outer walls. Nobody lived in the house in March and April, 1899. Even the plaintiffs who testified made a number of admissions which, at least in a negative way, corroborated the defendant's evidence aforesaid.

The burden of proof, however, to establish the breach of the condition relied upon by the defendant, was upon the latter. Viewing the evidence for plaintiffs as a whole, it can not be fairly held to amount to an admission of defendant's contention on the point referred to. But in every aspect of the evidence it affords solid foundation for a finding that the building had become unoccupied and so, remained for more than ten days, within the meaning of the policy.

Before the fire (May 22, 1899) Mrs. Hoover, widow of the deceased, and one of her sons, returned to the premises and occupied them, so that, when the loss occurred, the building was neither vacant nor unoccupied. But defendant insists that as the policy was already void at that time for condition broken, there can be no recovery upon it.

At the close of the testimony the court gave the following instructions at the instance of plaintiffs:

"1. The court instructs the jury that if they believe from the evidence that defendant issued its policy of insurance to J. S. Hoover dated October 19, 1897, and that J. S. Hoover was the owner of said buildings at the time of insurance and loss, and that J. S. Hoover died before the loss by fire, and that said property was destroyed by fire on or about twenty-second day of May, 1899, then the plaintiffs are entitled to recover, and you should assess the damages at the actual value of the property at the time of the loss.

"2. The court instructs the jury that to constitute oc-

cupancy of a house, such as was insured, some one must live in and occupy the same, as such houses are usually lived in and occupied.

"3.    The court instructs the jury that if they find from the evidence that plaintiff, within a reasonable time after the fire, notified the agent of defendant nearest the place of loss, then defendants had proper notice of loss.

"4.    If you find for plaintiff you will assess the damages at cash value of the building at the time of the fire as shown by the evidence."

The court refused to give any one of the instructions asked by the defendant, as follows:

"1.    The court instructs the jury that the insured in the application, made and signed by him, upon which the policy was issued, stated and warranted that the house insured was of the cash value of nine hundred dollars.    Now if you find and believe from the evidence that said statement was untrue, and that the value of said house was greatly less than nine hundred dollars, and did not exceed three hundred and fifty dollars, the plaintiffs are not entitled to recover, and your verdict must be for defendant.

"2.    The court instructs the jury that if at any time after the policy was issued the occupants moved out of the house and left no one living there, and the house remained in that condition for ten days or more, said house was unoccupied within the meaning of the law and these instructions, and the plaintiffs are not entitled to recover and your verdict must be for defendant.

"3.    The court instructs the jury that if you find and believe from the evidence that the house insured, became vacant or unoccupied at any time after the policy was issued, and remained vacant or unoccupied for a period of ten days or more, the plaintiffs are not entitled to recover, and your verdict must be for the defendant.

"4.    The court instructs the jury that if you find and

believe from the evidence that after the policy was issued, the house was left without leaving any person living in the house, or in charge thereof, and that the doors to said building were permitted to be and remained unlocked, or the windows therein to be broken out, or that the same were permitted to be in such condition that tramps or loose stock could and did enter said building, and that damage of fire to said building was thereby increased, the plaintiffs are not entitled to recover, and your verdict must be for defendant.

"5. The court instructs the jury that under the pleadings and all the evidence in this cause the plaintiffs are not entitled to recover and your verdict must be for the defendant."

Proper exceptions were saved by defendant to the action of the court in giving each one of the plaintiffs' instructions and refusing each one of the aforesaid requests of defendant.

The jury found for the plaintiffs and assessed their damages at $350. After an unavailing motion for a new trial and other customary preliminaries, the defendant took an appeal.

1. Defendant complains of the refusal of instructions submitting the proposition that if the dwelling was left unoccupied for ten days or more (in the manner described in the refused instructions) the verdict should be for defendant. The second refused request for an instruction contains a correct statement of the law, and the testimony offered by defendant tended to establish the facts mentioned therein.

It has been held by the Supreme Court of Missouri, following a New York case on the same subject, that "occupation of a dwelling house is living in it." Cook v. Insurance Co., 70 Mo. 610.

The policy, which should always be closely read for the purpose of determining the intention of the parties, describes the building insured as being "occupied as a private dwelling." It is proper, and often necessary, to consider the use for which premises are intended in determining the question whether or

not they are "unoccupied," within the meaning of such a stipulation as is before us now.    Continental Ins. Co. v. Kyle, 124 Ind. 132.

There can be no question that, under the evidence in this record, triers of the fact would be justified in finding that the dwelling was unoccupied from the latter part of February to about the first of May, 1899.

But does the fact that the loss did not occur while the building was unoccupied affect the force of the stipulation on which defendant relies?    It would seem that it should, yet there stand the positive words of the contract which declare the "entire policy void" if the building be left unoccupied for ten days without the consent of the contracting parties.    We see no just way to avert the consequence imposed by the positive terms of the policy, which permit no latitude of interpretation.    Wheeler v. Ins. Co., 53 Mo. App. 446.

"Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous their terms are to be taken and understood in their plain, ordinary and popular sense." Imperial Fire Ins. Co. v. Coos County, 151 U. S. 463.

The decision from which we have just quoted is likewise authority for the proposition that a subsequent condition (such as is here in question) when broken, vitiates the policy, even though the breach of condition may not continue up to the time when the loss by fire occurs.    Such was also the ruling in Kyte v. Assurance Co., 149 Mass. 116.

In Moore v. Insurance Company, 64 N. H. 140, the condition discussed resembled that involved in this case except that the language was "vacant and unoccupied" instead of "vacant or unoccupied" as in the case at bar.    The change of phraseology is noteworthy.    It betters defendant's position here.    In the cited case, recovery on the policy was denied although the premises were occupied at the time of the fire.

The breach of condition as to occupancy occurred at an earlier period, but it was held to avoid the policy.

On principle (unless limited by our local statute law) it must be held that the right to recover on the policy would be avoided by breach of the condition referred to, unless some waiver appeared to avoid such a result.

Slight circumstances have been held sufficient to exhibit an intent on the part of the insurer to waive such a forfeiture after knowledge thereof. Gans v. Ins. Co., 43 Wis. 108; Springfield Laundry Co. v. Ins. Co., 151 Mo. 90; Hanscom v. Ins. Co., 90 Me. 333; Dohlantry v. Ins. Co., 83 Wis. 181. In the case at bar, however, there is not even evidence of any knowledge by defendant of the facts of the defense prior to the pleading thereof; no facts suggesting a waiver were introduced by plaintiffs.

No question of waiver was submitted to the jury by the trial court, or hinted at in the instructions.

2. It can not be claimed successfully that the stipulation on which defendant relies on this appeal is defeated by provisions of the Act of 1897 already quoted. The first section of that act, relating to warranties or conditions in applications for insurance, has, obviously, no bearing on the facts at bar.

The second section comes nearer to the facts of the present litigation; but it does not, in our opinion, avoid the terms of the already quoted stipulation on which the defendant counts. The word "condition," in the second section of the aforesaid law of 1897, clearly refers to facts existing, or said or supposed to exist, at the time the policy is made. The fact that the matters referred to in that section are to be deemed and construed as "representations only" clarifies the meaning of the word "condition" as used in the opening lines of that section. There is nothing in that section to limit or weaken the force of the stipulation contained in the policy touching the effect of leaving the dwelling unoccupied for ten days or more without an agreement on the subject between the interested

parties.    So that even if the said law of 1897 enters into the policy sued upon in this case it does not impair the defense we have discussed.    Defendant was entitled to have that defense submitted to the jury.    It was error to refuse the second request for an instruction based thereon.

As a new trial must be ordered, the second instruction for plaintiffs can be readily modified so as to preclude any misunderstanding, or any conflict with defendant's instruction as to the meaning of "unoccupied."    The closing phrase of the instruction for plaintiffs is not entirely clear on that point and might be misinterpreted easily.

We have not considered the bearing of section 8084 (R. S. 1899) upon the issues at bar.    It is not necessary.    If that section is applicable, the defendant's case is strengthened rather than weakened thereby.    The insured became a member of the defendant town mutual company by virtue of his policy. How far that circumstance might make the contract yield to the changes in the law governing such companies we are not required to investigate, as we find error in the judgment to the prejudice of defendant on the case as already described without referring to said section 8084.

The judgment must be reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.