PLANTERS FIRE INSURANCE COMPANY v. STEELE.

Opinion delivered July 12, 1915.

1. FIRE INSURANCE—CHANGE IN OCCUPANCY—VACANCY.—A fire insurance policy provided that "if said building * * * shall become vacant or unoccupied * * * or any change takes place in the title, occupancy or possession thereof whatever, then, and in every such case, this contract shall be absolutely null and void;" the owner occupied the house as a dwelling when he procured the insurance, but thereafter moved out and rented the same to a tenant; the tenant then moved out and the house burned just as the owner was preparing to reoccupy it. Held, under the terms thereof, the policy became void, both by reason of the vacancy and the change of occupancy which had taken place.

2. FIRE INSURANCE—TEMPORARY VACANCY—PRESUMPTION.—Where, under the terms of a fire insurance policy, the insured house was occupied as a dwelling, it is contrary to the terms of the policy to change the character of the occupancy, and where the insured moved out of the house and rented the same to a tenant, who in turn moved out, and the house was burned within a few days thereafter, while the owner was preparing to reoccupy the same, there could be no presumption that a temporary vacancy or period of unoccupancy was within the contemplation of the parties.

3. FIRE INSURANCE—UNOCCUPIED PREMISES—FURNITURE WITHIN THE INSURED HOUSE.—A fire policy provided that the same become void if the building become "vacant or unoccupied." The owner rented out the house, and the tenant departing, left a stove and table in in the building. The owner prepared at once to resume possession of the premises, and intended to assume possession of the stove and table for unpaid rent; before, however, he re-entered the house it was burned. Held, under the stipulations in the policy the same was void and unenforcible.

Appeal from Nevada Circuit Court; *G. R. Haynie,* Judge; reversed.

*J. W. & J. W. House, Jr.,* for appellants.

1.   Instruction No. 7 (quoted in the opinion) is erroneous.   It was the duty of the court to construe the contract, and its terms should not have been left to the jury.  The five days' vacancy, which occurred from the time Taylor moved out until the house was destroyed by fire, is a matter which should have been declared by the court as forfeiting the policy.   62 Ark. 348.

2.   The court erred in instructing the jury that if at any time the premises became vacant and thereafter the defendant issued to plaintiff a vacancy permit, the company, by issuing such vacancy permit, waived all former vacancies.   This is not the rule.   An insurance company can not waive a forfeiture without full knowledge of the facts which constitute the forfeiture, and there is nothing in the record to show that the company in this case had knowledge of any vacancy of the property covered by insurance.   65 Ark. 588; 3 Cooley's Briefs on Law of Insurance, 2467.

The record shows that the policy was issued to Steele, who was then occupying the building as a home.   A change of possession or occupancy violated the policy, and there is no proof that the company ever knew that the owner had abandoned the premises and surrendered it to a tenant.   67 Ark. 584-589; 72 Ark. 47.

3.   A contract of insurance is a personal one, and the language of the policy shows that the company regarded it as such and expected the plaintiff to retain possession of the property.   If, therefore, the property became vacant or unoccupied at any time after the issuance of the policy and the date of the loss, without the consent of the defendant, the policy became void, and the court erred in refusing to instruct the jury to that effect.   The court also erred in refusing to instruct the jury that if any change occurred in the title, occupation or possession of the property covered by the insurance without the consent of the defendant, it avoided the policy.   69 Ark. 295; 62 Ark. 348; 58 N. E. 314; 36 Am. St. Rep. 907; 10 *Id.* 384; 48 *Id.* 468; 51 *Id.* 457; 2 Cooley's Briefs on Ins., § 1713 *et seq.;* Joyce on Ins., § 2238; 23 Ind. 180; 94 Ark.

596; 144 N. Y. 199; 69 Ill. 393; 38 N. E. 865; 49 N. E. 471; 75 N. W. 326; 45 S. W. 109; 53 S. W. 297; 100 Me. 481; 69 Pac. 345.

*C. C. Hamby,* for appellees.

1. Forfeitures are not favored in law, and, notwithstanding the strong language used in declaring the forfeiture that the policy "shall become null and void," the policy is not void, but voidable, and the party who has the right to declare it void may thereafter treat it as valid, and it will be so. 110 Am. St. Rep. 99; 35 So. 228; 135 Mass. 248; 96 Am. Dec. 83; 34 Am. Rep. 323; 60 L. R. A. 918, 93 N. W. 972.

2. The issuance of the vacancy permit waived all former vacancies. 47 L. R. A. (N. S.) 619; 3 Am. Rep. 82; 7 L. R. A. (N. S.) 629; 80 Am. St. Rep. 307.

3. The courts are uniform in holding that the answer "applicant" in the application, to the question, "Is it occupied by you or tenant?" is not within itself a warranty that the house will always be so occupied.

Occupation, as used in the policy, means that the "use to which the building is put," that is, *residence,* is not to be changed, rather than that no change of occupants can be had. 111 Am. St. Rep. 70; 70 L. R. A. (N. S.) 621; 6 Am. Rep. 331; 32 Ill. 221.

To render a policy void which provides for a forfeiture upon the property becoming vacant and unoccupied, the insurer must declare the forfeiture; and if it does not exercise this power while the insured is in default, and the premises are again occupied, the right to declare the forfeiture ceases. 108 Ill. 220; 57 Ill. App. 200; 43 N. J. L. 468; 14 N. E. 525; 63 Ind. 238; 28 Am. Rep. 116; 7 L. R. A. (N. S.) 629; 80 Am. St. Rep. 307.

The issuance of the vacancy permit was sufficient to place appellant on notice that a change of tenants would be made. The rule is that a reasonable time is allowed under policies of insurance for a change of tenants, and the court was right in this case in submitting the reasonableness of the time to the jury. Under the evidence it was a question for the jury, and not, as insisted by the ap-

pellant, for the court.   52 Am. St. Rep. 377; 34 Am. Rep. 106; 83 N. Y. 133; 23 Am. Rep. 111; 43 N. W. 682.

Appellee having this reasonable time in which to move into the building, which time had not expired, he was, to say the least of it, constructively occupying the premises when the fire occurred.

McCulloch, C. J.   This is an action on a fire insurance policy issued by appellant company on a house owned by appellee Steele in Prescott, Arkansas.   The policy was issued on November 8, 1912, and covered a period of three years.   The fire occurred on July 15, 1914.   The application was taken by a soliciting agent and contained a statement that the building was occupied as a private dwelling, and the answers in the application were warranted to be true.   The applicant did in fact occupy the premises as a private dwelling house, but thereafter removed from the place and rented it to a tenant.   The first tenant moved out and subsequently it was rented to another tenant named Taylor.   Taylor vacated the premises in April, 1914, and the house remained vacant for three weeks or a month, when Taylor rented it again from Steele, the owner, and reoccupied it.   He remained in the house until July 11, when he again moved out, and it was not again occupied by any one.

The proof shows that Mr. Steele, the assured, intended to move into the house on July 16, and reoccupy it as his dwelling.   He was making preparations to move when the fire occurred.   There is also testimony to the effect that when Taylor moved out he left a cooking stove and a table, and that the owner claimed the property as compensation for balance of rent which Taylor owed him. After Taylor moved out in April, the assured applied to the company for a vacancy permit, and the permit was issued to him for a period of thirty days from date. There is some controversy in the testimony as to the precise dates when Taylor moved out of the house and moved back into it, and also as to the date of the permit.   Mr. Steele, the owner, testified that Taylor moved out in April and moved back in May, and that the permit was dated in April, and that the period of the permit had expired

when Taylor moved back into the house. A copy of the permit was introduced in evidence by the company, and showed that it was dated May 8, and was for a period of thirty days. The conflict with respect to those matters is not material, for it is undisputed that the vacancy permit had expired before Taylor moved out of the house the last time. The policy contains a stipulation that "if said building * * * shall become vacant or unoccupied, * * * or any change takes place in the title, occupancy or possession thereof whatever, then and in every such case this contract shall be absolutely null and void." Appellant pleaded, among other defenses, that there was a violation of each of those conditions of the policy.

The case was submitted to a jury, and a verdict was rendered in favor of appellees for the sum of $500, the amount of the policy. The sureties on the bond of the company were joined as defendants, and they have appealed, as well as the company itself. A receiver has been appointed for the company and has been substituted here as appellant.

(1) We are of the opinion that according to the undisputed testimony in the case, the verdict was without evidence to support it, and that the judgment for that reason must be reversed. This conclusion rests on two grounds, namely, that the house was unoccupied within the meaning of that term mentioned in the policy, and also that there was such a change in the occupancy as invalidated the policy. Upon the last point the case is ruled by *Planters' Mutual Insurance Association* v. *Dewberry,* 69 Ark. 295. The policy in that case contained a clause identical with the one in question, and we held that where the house was occupied by the applicant as a dwelling at the time of the issuance of the policy, and that a subsequent change was made by the owner's removal and a tenant taking possession, that operated as a change of occupancy within the meaning of the policy. The only difference between the two cases is that in the Dewberry case the house was occupied by a tenant at the time the fire occurred, whereas in the present case the tenant had moved out three days before the fire oc-

curred. That difference, however, is not controlling, for it is the change of occupancy which operated as a breach of the conditions of the policy; and even if it were held that the return of the owner to the property reinstated the status so as to come within the terms of the policy, that would not occur until there had been an actual reoccupancy by the owner. In this case the premises had not been occupied by the owner for a considerable length of time. There was, according to the proof, an intention on the part of the owner to re-occupy the premises, but he had not actually done so. We are therefore of the opinion that the policy was rendered void, and that there can be no recovery thereon. The policy is void also by reason of the fact that the premises were vacant and unoccupied at the time of the fire. There is some discussion in the authorities as to the distinction between the terms "vacant" and "unoccupied," and "vacant and unoccupied," and "vacant or unoccupied," but a discussion of that distinction is without importance here, for the language here is that the policy shall be void if the premises become "vacant or unoccupied." *Limburg* v. *German Fire Ins. Co.,* 90 Iowa 709, 57 N. W. 626, 23 L. R. A. 99.

The court, over objections of appellant, gave the following instruction, which we think was erroneous: "If the jury believe that Taylor went out on Saturday, and that plaintiff immediately began preparation to move in, and if the fire had not occurred, he would have moved in on Thursday morning, then the policy would not be void if the jury believe from Saturday till Thursday would be a reasonable length of time for plaintiff to get ready to move."

(2-3) There are authorities to the effect that where the insured property is occupied by a tenant, it is impliedly contemplated by the parties to the contract of insurance that "any temporary vacancy caused by or incident to such change is not within the purview of the vacancy clause." 2 Cooley's Briefs on Insurance, 1675. That principle does not apply, however, in this case for the reason that the property was occupied as a dwelling, and it was contrary to the terms of the policy to change

the character of the occupancy. *Insurance Association* v. *Dewberry, supra:* Therefore, there could be no presumption that a temporary vacancy or period of unoccupancy was within the contemplation of the parties. That point is emphasized in the case of *Barry* v. *Prescott Ins. Co.,* 35 Hun (N. Y.) 601. The facts of that case are quite similar to the facts of this case, except that the period of unoccupancy was longer. The stipulation of the present policy was unconditionally to the effect that if the building become "vacant or unoccupied," the. policy should be void, and it can not be said that there was any period of time contemplated at all for unoccupancy, for the reason that the policy also provides that any change of occupancy should also operate as an avoidance of the policy. No presumption could be indulged in the face of that express stipulation. The fact that Taylor left a stove and table, which the assured expected to appropriate as compensation for balance of rent due, does not prevent this clause attaching. In order that such state of facts may constitute an occupancy, there must be a substantial quantity of furniture, evincing an actual and personal occupancy. 2 Cooley's Briefs on Insurance, 1659, 1667; *Weidert* v. *State Ins. Co.,* 19 Or. 261; *Corrigan* v. *Connecticut Ins. Co.,* 122 Mass. 299; *Cook* v. *Continental Ins. Co.,* 70 Mo. 610; *Continental Insurance Co.* v. *Kyle,* 124 Ind. 132, 9 L. R. A. 81; *Feshe* v. *Council Bluffs Ins. Co.,* 74 Iowa 676.

The policy is therefore void on both the grounds stated. Reversed and remanded for a new trial.