POWER, Tutrix, &c., vs. OCEAN INSURANCE COMPANY.

POWER,
TUTRIX, &C.
vs.
OCEAN INSU-
RANCE COMPA-
NY.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW ORLEANS.

Where the insured sells the property, covered by the policy, and afterwards
takes it back, on account of the non-payment of her vendee, and is in possession
at the happening of the loss, she will recover, although a clause in the policy
provides that it shall be void in case of transfer or assignment without the
consent of the insurers.

By the implied resolutory clause in her sale, the plaintiff was restored to the
possession and ownership of her property before the loss, as if no transfer had
taken place.

It is sufficient if the insured has an interest or property in the thing insured, at
the time of insuring, and at the happening of the loss.

This is an action on a policy of insurance, to recover the
amount of a loss by fire, on property insured in the office of
the defendants.

The case turned entirely on the construction to be given to a
clause in the policy, providing against any assignment or
transfer of the property insured, on pain of nullity, without the
consent of the insurers.   The fact furthermore appearing that
the property had been sold to one Frederick during the con-
tinuance of the risk, but which had also been taken back on
account of the non-payment of the price, and was in the pos-
session of the *insured*, as owner at the happening of the event
or fire which occasioned the loss.

There was judgment for the plaintiff in the sum claimed, and
the defendants appealed.

*Roselius* for the plaintiff.

*C. M. & F. B. Conrad* for the defendants.

*Morphy, J.* delivered the opinion of the court.

The plaintiff seeks to recover $1257 25 under a policy
wherein defendants insured her against fire to the amount of
$3000, on household furniture, liquors, bar room fixtures and
billiard tables contained in a building situate at the corner of

EASTERN DIS.
June, 1841.

POWER,
TUTRIX, &c.
vs.
OCEAN INSU-
RANCE COMPA-
NY.

Champs Elysée and Levee streets, for one year from the 2d of December, 1837. The record shows that after the date of the policy the property insured was sold to one Ursin Frederick and remained in his possession about six months, but that before the happening of the loss, the property reverted back to the plaintiff in consequence of the vendee's failure to pay for the same; and that plaintiff continued in the exclusive possession of it as owner until, within the term covered by the policy, it was damaged by fire. The policy under which the plaintiff claims contains the following clause, "the interest of the insured in the policy is not assignable unless by consent of this corporation, manifested in writing; and in case of any transfer or termination of the interest of the insured, either by sale or otherwise, without such consent, this policy shall from thenceforth be void and of no effect." It is contended that from the very terms of this clause, the policy became absolutely void from the day of the sale to Frederick, and that it could be revived by no subsequent event.

The decision of this case must rest on the meaning and effect to be given to the foregoing clause inserted in the policy. It seems to us that its object was to render certain, by a positive stipulation, that which otherwise would have depended upon general principles and judicial decisions, to wit: that the policies of the company should not be obligatory any longer than the property insured continued in the individual named in the policy as owner, and that by the transfer of his interest the policy should be void; fraudulent claims upon fire offices have been so frequent that the character of the ?party proposing to insure has been deemed a matter of importance, and clauses resembling the one under consideration, are now generally to be found in all policies of insurance. It is believed that the nullity they pronounce or imply, according to the terms used, is generally understood as relating to cases where the insured has absolutely and permanently divested himself of all interest in the subject matter of the insurance; being then without any interest at the time of the loss, the insured has sustained no in-

EASTERN DIS. June, 1841.

POWER, TUTRIX, &c. vs. OCEAN INSURANCE COMPANY.

Where the insured sells the property covered by the policy and afterwards takes it back on account of the non-payment of her vendee, and is in possession at the happening of the loss, she will recover, although a clause in the policy provides that it shall be void in case of transfer or assignment without the consent of the insurers.

By the implied resolutory clause in her sale, the plaintiff was restored to the possession and ownership of her property before the loss, as if no transfer had taken place.

jury, and the person to whom a transfer is made without the consent of the underwriters cannot recover, because he is not a party to the contract; thus the policy becomes inoperative and void; but the question here is whether it continues to be ineffectual when at the time of the loss the property is in the assured as it was at the time of the assurance. This policy was clearly intended to cover and did cover any furniture, liquors, fixtures, &c., which plaintiff might have in the house at any time during the continuance of the risk, not beyond the amount actually insured; if these articles had been partially and successively sold and replaced by others, or even if plaintiff had thought proper to provide for her bar room an entire new set of the same articles and a fire had taken place, the underwriters could hardly have pretended, under the clause in question, that they were absolved from the obligation to indemnify; for their undertaking was to insure her from loss against fire, not on the identical effects existing at the time of the insurance, but on effects or articles of the same description that she might have in her establishment within the term covered by the policy. If notwithstanding such a partial or total sale of the effects insured, the policy would continue to be effectual on account of the subsisting interest of the insured at the time of the loss, there is no good reason why it should not be so in the present case; by the effect of the implied resolutory clause in her sale on credit to Frederick, plaintiff was restored to the possession and ownership of the property as if no sale or transfer had taken place; her interest which had been parted with only on condition of her being paid the price cannot be said to have absolutely terminated; during the time Frederick owned the effects, there was, it is true, a suspension of the risk, such as would have taken place had they been temporarily removed from the premises, but the risk revived as soon as the property reverted back to plaintiff. Of this the defendants cannot complain because their liability was thereby diminished.

It is sufficient if the insured has an interest or property in the subject matter of the insurance at the time of insuring

and at the time the fire happens.    The nullity mentioned in the clause relied on by defendants, was, in our opinion, intended and understood by the parties for the case where by sale or otherwise an absolute transfer or termination of the interest of the insured should take place so as to leave him without interest at the time of the loss; the stipulation was intended to protect the underwriters from risks they did not choose voluntarily to assume, and to prevent the insured from substituting to himself another person without their consent; La. Code, art. 2040, 2537, 2542; 1 Phillips on Insurance, 34; 3 Maine Rep., 46; Lane vs. Marine Mutual Fire Insurance Company.

It is therefore ordered that the judgment of the Parish Court be affirmed with costs.

EASTERN DIS.
*June*, 1841.

It is sufficient if the insured has an interest or property in the thing insured at the time of insuring and at the happening of the loss.