## ÆTNA INSURANCE CO. v. MEYERS.

FIRE INSURANCE.—*Policy.*—*Stipulation as to Loss during Non-occupancy of Premises Insured.*—*Notice.*—A policy of insurance against loss by fire, issued upon a house occupied by a tenant, provided, that, if the house "shall, at any time ⁕ during the continuance of this insurance, become unoccupied, ⁕ then and ⁕ thenceforth, so long as the same shall be so unoccupied, these presents shall cease and be of no force or effect."

*Held*, in an action on such policy, to recover for a loss by fire occurring at a time when the house was unoccupied, that the plaintiff can not recover.

*Held*, also, that notice of such non-occupancy is not required.

*Held*, also, that, by such non-occupancy, the policy became, not wholly void, but simply inoperative until the house should be reoccupied.

From the Warrick Circuit Court.

*I. S. Moore*, for appellant.

*A. Gilchrist* and *C. H. Butterfield*, for appellee.

PERKINS, J.—Suit upon a policy of insurance on a dwelling-house, running one year. A total loss was averred.

A demurrer to the complaint was overruled, and exception entered.

Answer in two paragraphs:

1. General denial;

2. That the policy contained the following:

" It is hereby agreed and declared to be the true intent and meaning of the parties hereto, that, in case the above mentioned building shall, at any time after the making and during the continuance of this insurance, become unoccupied, * * * or be altered or repaired, or have carpenter or mechanical work done thereon, unless herein

otherwise specially provided for, or hereafter agreed by the company in writing and added or endorsed on this policy, then and from thenceforth, so long as the same shall be so unoccupied, * * * * these presents shall cease and be of no force or effect;" and "that the house covered by the policy was unoccupied at the time it was burned."

A demurrer to the second paragraph was overruled, and exception reserved. Reply. Jury trial.

Verdict for the plaintiff, the appellee in this court.

It appeared by the evidence, that the house was occupied by tenants when it was insured; that the tenants failed to pay rent when due, and the landlord took steps to remove them. Meyers, the owner, testified : " No one lived in the house at the time of the fire. The tenants left on Friday or Saturday. The building was burned the next Tuesday. The building was used as a tenant house. It was a double tenement, usually occupied by two families. I put the tenants out because they would not pay rent. I had engaged it to S. C. Carney, as soon as I could get them out and have the building repaired. A little plastering and whitewashing was all that was needed. Carney was living in my house across the street, and was to go into it for a year, as soon as I could get tenants out, and get Fred Meyers to fix the house. The tenant was to move in as soon as it was repaired."

No notice of the fact that the house had become unoccupied was required.

The court gave the following instruction, which was excepted to by the appellant :

" The condition in the policy as to occupancy should have a liberal construction; and, if a house is rented and occupied by tenants, a few days' time between the outgoing and incoming tenant, being a reasonable time to make the change, would not make the policy void in case of loss."

A motion for a new trial was màde upon the following grounds:

1.   Verdict contrary to the evidence and the law;

2.   The court erred in giving the instruction above copied; and,

3.   Excessive damages.

The motion was overruled, and exception entered.

The questions arising in the cause and discussed by counsel are these:

1.   Did the court err in giving the instruction copied above?

2.   Did the jury give excessive damages?

.The policy, in this case, was for a year, upon a house occupied, at the time the policy was issued, by tenants. It did not prohibit a change of tenants, but provided, not that the policy should become void on the house becoming "unoccupied," but that the policy should cease to operate so long as the non-occupancy should continue, and revive upon the house being reoccupied.

In the case at bar, the house was unoccupied at the time it was burned; it had been unoccupied for about four days; some of the witnesses make the time longer; and no definite time when it was to be occupied was fixed. It was to be occupied, as soon as it should be repaired, by Fred Meyers. How soon that might happen, is not shown. As matter of fact, as we have said, the house was unoccupied when it was burned. *Keith* v. *Quincy Mutual Fire Ins. Co.*, 10 Allen, 228. By its terms the company, the appellant, was not liable on the policy sued upon. The policy was a contract. What reason appears for giving it an operation, by construction, different from that which its terms require? It seems to us that the literal meaning expresses just what the parties intended. Here, a tenant house is insured for a year. A change of tenants, during the time, is not prohibited, and

might naturally be expected; short intervals in which the property would be vacant might naturally occur. The contract (the policy) provided, that, when they did occur, the policy should not be operative during their existence. The rate of insurance, we may presume, was less than it would otherwise have been, in consequence of this provision. This, it seems to us, is the most reasonable view to be taken of the clause in question in the policy.

If the construction we have placed upon the policy be correct, the instruction copied, which was given by the court and excepted to, was erroneous. The policy was not made void by non-occupancy for any length of time; its operation, as a protection from loss, was suspended only during such non-occupancy. The insured took the risk of loss himself, during such period, a fact which would naturally stimulate him to promptness in procuring a tenant on the house becoming vacant.

We need not criticise the instruction in other respects. What we have said shows, that in our judgment it was erroneous. The case of *The Aurora, etc., Ins. Co.* v. *Kranich*, 36 Mich. 289, is one in which facts appeared authorizing a construction variant from the plain literal meaning of the language of the policy. In that case the terms of the policy might make it void at its issuance and the reception of the money by the company, and it is decided, that " The provision in a policy that 'if at any time during the continuance of this policy * * the insured property * * shall become vacant or unoccupied,' the insurer shall be absolved from all liability, is held to have no application to the case of buildings that are vacant at the time the policy is issued, the insurer having notice of the fact." Here was a case for construction.

In the above case, the fact of becoming vacant rendered the policy from that time void for the whole of the remaining period it was, by its terms, to run. In the case now

before us, there is no forfeiture of the policy. Its operation is supended merely while the house is vacant: It becomes again operative on its reoccupancy. It seems to us, that it was intended by the parties that the policy should mean what it said, and apply to short intervals of non-occupancy.

The cases cited by the appellee are not in point.

The judgment is reversed, with costs, and the cause remanded for proceedings in accordance with this opinion.