DENNISON v. THE PHŒNIX INSURANCE CO.

1. **Insurance**: CONSTRUCTION OF POLICY: UNOCCUPIED BUILDING.
Where a policy of insurance against fire provided that in case the build-
ing became vacant or unoccupied, and so remained without notice to,
and consent of, the company, and the building was destroyed by fire
after having remained unoccupied for seventeen days without notice to
the company, it was held that there could be no recovery upon the
policy.

*Appeal from Woodbury Circuit Court.*

FRIDAY, DECEMBER 5.

ACTION upon a fire insurance policy. At the time the insur-
ance was effected the building insured was occupied by a ten-
ant of the plaintiff. When it was burned it was not occupied
by any one, and had been vacant for some seventeen days.
The property was situated in Sioux City, and had been used
as a boarding house and hotel. The plaintiff resided some
fourteen miles from Sioux City. There was a trial by jury
and a verdict and judgment for the plaintiff. Defendant ap-
peals.

*E. E. Lewis* and *M. B. Davis*, for appellant.

*Joy & Wright*, for appellee.

ROTHROCK, J. The policy contains the following clause or
stipulation:

"If the above mentioned premises shall be occupied or
used so as to increase the risk, or become vacant or unoccu-
pied, and so remain, without notice to, and consent
of, this company in writing, or the risk be in-
creased by the erection of neighboring buildings,
or by any means whatever within the control of the assured,
without the consent of this company indorsed hereon   *   *
then, and in every such case, this policy is void."

The court instructed the jury to the effect that it was not
every vacation of the building which would render the policy

void, but that to avoid the policy the building must have remained vacant for such an unreasonable length of time as to materially increase the risk, and that what would be an unreasonable length of time was a question for the jury.

The court also, upon its own motion, submitted to the jury special interrogatories, which, with the answers thereto, are as follows:

"1. Was the house vacant or unoccupied at the time of fire without notice to the defendant?

"*Ans.* Yes.

"2. How long had the house been vacant or unoccupied at time of fire?

"*Ans.* About seventeen days.

"3. Was the risk of fire increased by reason of the house being vacant or unoccupied?

"*Ans.* No.

"4. Was the house, under the circumstances, vacant or unoccupied for an unreasonable length of time?

"*Ans.* No."

It is urged by the plaintiff that the defendant did not take the proper exceptions to the instructions of the court, and that the abstract does not purport to contain all the evidence.

This may be conceded, and yet the defendant asked the court to instruct the jury to the effect that if they found from the evidence that the premises were vacant and unoccupied at the time of the fire, without notice to the defendant, the plaintiff could not recover. These instructions were refused, and proper exceptions were taken. Although we may not have all the evidence in the record before us, the appellant insists that it contains all upon the question as to the vacation of the building. There certainly was evidence tending to show, and the jury found, that the tenant of the plaintiff moved out of the building seventeen days before the fire, and it remained tenantless and unoccupied until it was destroyed.

We think the instructions asked by defendant should have been given, and that the cause was submitted to the jury upon a wrong construction of the policy. Counsel for appellee ingeniously argue the case upon the theory that the clause above

quoted, properly construed, means if the premises became vacant and so remained, by some means not within the control of the insured, then the policy is not avoided by such vacation, and it is said the vacation of the building occurred without plaintiff's knowledge, and when he had reason to expect that the tenant would remain, his lease not having expired.

We think the policy will not bear the construction contended for, and it will be seen such was not the theory of the court below. A fair and proper construction of the policy is that if the premises become vacant or unoccupied, and so remain, without notice to, and consent of. the company, the policy shall be void. The increase of risk by any means within the control of the assured has no reference to the vacation of the building. That condition of things is specially named in the preceding clause.

The parties have made this contract, and by it they must be bound. Courts can neither add to it, nor take from it. By its terms the defendant insured for the plaintiff an occupied building, and stipulated that if it should become unoccupied, and so remain without notice, the contract of insurance was at an end. It is not a question as to how long this state of things may exist without the knowledge of the assured. He is bound by the terms of his policy to see to it that his house does not become vacant, or give notice, etc. Neither is it a proper inquiry as to whether the risk is increased by reason of the building being unoccupied. The parties have settled that question by their contract. The question, as to whether the building was unoccupied for a reasonable or unreasonable length of time is wholly immaterial. The time is only material in determining whether the building is, in fact, vacant or unoccupied within the meaning of the contract.

The only material consideration is, was this building vacant and unoccupied, and did it so remain until destroyed by fire? Of course the terms of the contract must receive a reasonable construction. The parties did not intend that one tenant should not move out and another move in. Nor did they intend that the house should be deemed vacant if the occupant should close it and go off on a visit, and not occupy it for a

reasonable time. But the evidence in this case tends to show that the building was actually unoccupied for seventeen days, not by reason of anything other than that one tenant left, and the house stood there awaiting another occupant. It was, to all intents, a vacant and unoccupied house when it was destroyed. It is immaterial how the house came to be vacated or unoccupied. The fact alone is sufficient. See *Newton v. City Fire Insurance Co.*, 15 Wis., 138; *Harrison v. City Fire Insurance Co.*, 9 Allen, 231; *Diehl v. Adams County Insurance Co.*, 58 Pa. St., 443.

REVERSED.