SPRINGFIELD F. & M. INS. CO. v. McLIMANS & COYLE.

[FILED FEBRUARY 25, 1890.]

1. **Insurance:** NON-OCCUPANCY OF PREMISES. A mere temporary absence of the occupant of a building therefrom will not render void a policy of insurance which contains a provision that the policy shall become void in case the building becomes vacant.

2. ———: FORFEITURES are not favored, and should not be enforced unless the courts are compelled to do so, and this rule applies to insurance policies.

3. ———: BREACH OF CONDITION: WAIVER IMPLIED. Where the insured property was situated in an adjoining state and the persons insured were residents of this state, but the agent of the insurance company, through whom the insurance was effected, resided near the property insured, and had notice of the uses to which the building was applied, his knowledge will be deemed that of the company, and it will be too late after a loss has occurred to object upon the ground that the building was applied to uses prohibited in the policy.

4. ———: CONSTRUCTION OF POLICY. A policy of insurance is to receive a reasonable construction, and, if possible, one that will carry its provisions into effect.

ERROR to the district court for Madison county. Tried below before NORRIS, J.

R. W. Barger, and Allen & Robinson, for plaintiff in error, cited, on the question of the abandonment of the premises:

*Dennison v. Phœnix Ins. Co.,* 52 Ia., 459; *Sexton v. Hawk-eye Ins. Co.,* 69 Id., 101; *Fesh v. Council Bluffs Ins. Co.,* 74 Id., 676; *Snyder v. Fireman's Fund Ins. Co.,* 77 Id., 146; *Keith v. Quincy Mut. F. Ins Co.,* 10 Allen [Mass.], 228; *Ashworth v. Builders' Mut. Ins. Co.,* 112 Mass., 422; *Corrigan v. Conn. Fire Ins. Co.,* 122 Id., 298; *Litch v. Ins. Co.,* 136 Id., 491; *Sleeper v. N. H. F. Ins. Co.,* 56 N. H., 401; *Paine v. Agr. Ins. Co.,* 5 N. Y., 619; *Herman v. Adriatic Ins. Co.,* 85 Id., 163; *Whitney v. Black River Ins. Co.,* 9 Hun [N. Y.], 39; *Barry v. Prescott Ins. Co.,* 35 Id., 601; *Ætna Ins. Co. v. Myers,* 63 Ind., 238; *Niagara F. Ins. Co. v. Drda,* 19 Ill. App., 70; *Cook v. Continental Ins. Co.,* 70 Mo., 610; *Fitzgerald v. Conn. F. Ins. Co.,* 64 Wis., 463; *Ætna Ins. Co. v. Burns,* 5 Ins. L. J., 69; *Bennett v. Agr. Ins. Co.,* 12 Id., 569; 1 Wood, Fire Ins., 216, note.

*H. C. Brome, contra,* cited on the same point: *Phœnix Ins. Co. v. Tucker,* 92 Ill., 64; *Stupetski v. Transatlantic Ins. Co.,* 43 Mich., 373; *Shackleton v. Sun Fire Office,* 55 Id., 288; *Laselle v. Hoboken F. Ins. Co.,* 43 N. J. L., 468; *Cumins v. Agr. Ins. Co.,* 67 N. Y., 260; *Whitney v. Black River Ins. Co.,* 72 N. Y., 117; *Herman v. Merchants Ins. Co.,* 81 Id., 184; *Woodruff v. Imperial Ins. Co.,* 83 Id., 133; *Chandler v. Commerce F. Ins. Co.,* 88 Pa. St., 223; *Franklin Ins. Co. v. Kepler,* 95 Id., 492; *Atlantic Ins. Co. v. Manning,* 3 Colo., 224; *Hartford Ins. Co. v. Smith,* Id., 422; *East Texas F. Ins. Co. v. Dyches,* 56 Tex., 565; *Williams v. North Ger. Ins. Co.,* 24 Fed. Rep., 625; *Kelley v. Home Ins. Co.,* 2 Cent. Law J., 478.

MAXWELL, J.

Upon the 23d day of February, 1886, plaintiff in error issued to McLimans & Coyle its policy of insurance against fire to the amount of $600, on their two-story frame building, occupied in lower room as a billiard hall and in upper story for a dwelling, and situated on lot 7,

block 54, Ogden, Iowa, for the period of one year from date thereof. Upon Saturday night, February 12, 1887, at about 12 o'clock, a fire occurred which destroyed said building. Upon the 7th day of April, 1887, the defendants in error having made an affidavit for proof of loss at Ogden, Iowa, by the direction of one Sylvester, who had countersigned and delivered said policy as agent for the insurance company, sent the same to one Alverson, the state agent of said insurance company, at the city of Des Moines, Iowa. Upon the 16th day of September, 1887, the defendants in error filed their petition in the district court of Madison county, Nebraska, and thereupon a summons was issued therefrom, which was returned as served by delivering a certified copy to one J. F. Duncan, agent of the Springfield Fire & Marine Insurance Company in Madison county, Nebraska. A motion was made to dismiss, as in *Insurance Co. of North America v. McLimans,* lately decided by this court (*ante* p. 654), which motion was overruled; and as we decided in that case that there was no error in overruling the motion, the matter will not be further considered.

Upon the overruling of the motion the company filed an answer, in substance as follows:

"That it was provided in the policy that 'If the above mentioned premises shall be occupied or used so as to increase the risk, or become vacant or unoccupied, and so remain without notice to and consent of this company in writing, then, in every such case, this policy is void.'

"And defendant says that after said policy was made and accepted, and prior to the occurrence of the alleged loss and damage by fire, the said building therein described, without notice to defendant and without the knowledge of defendant, and without its consent in writing indorsed on said policy, or otherwise expressed, became vacant and unoccupied, and so remained vacant and unoccupied up to and at the time the alleged loss and damage is said to have oc-

curred; defendant therefore says that prior to the occurrence of said loss and damage, said policy became absolutely null and void, and has ever since so remained."

The court, at the request of the insurance company, gave the following instructions :

" If you find from the testimony that upon the 7th day of April, 1887, McLimans, one of the plaintiffs in the action, made an affidavit before Earl Billings, a notary public in and for Boone county, Iowa, and afterwards furnished the same to the defendant company as and for proof of loss, in which affidavit he stated that said building was occupied, when burned, by one Stephens as a dwelling and billiard hall, and you further find that when said building was burned it was not so occupied by said Stephens as a dwelling and billiard hall, and also that said McLimans knew when he made and delivered said affidavit to defendant that said building was not occupied as therein stated, then your verdict should be for defendant.

" If you find from the evidence that in an affidavit made by McLimans, one of the plaintiffs in this case, before Earl Billings, a notary public in and for Boone county, Iowa, on or about April 7, 1887, and which affidavit he afterwards sent to defendant, that said McLimans falsely swore that said building when it was burned was occupied by one Stephens as a dwelling or residence and that he knew when he made and furnished said affidavit to the defendant company that the said building was not so occupied by said Stephens as a dwelling, then your verdict should be for the defendant.

" If you find from the evidence herein that after the policy sued on in this action was made and accepted, the building insured was used for the purpose of storing, or keeping therein for sale and for selling therein beer or intoxicating liquors, then such use of the building would render said policy void, unless you further find that the defendant had notice of such use of the building and con-

54

sented thereto by a person authorized to give consent thereto for the defendant."

The first instruction above set forth submitted to the jury the question whether or not the premises were vacant within the meaning of the terms of the policy when the fire occurred.    It was certainly very favorable to the company. A party by effecting insurance upon his dwelling does not thereby impliedly agree that he will remain on guard to watch for the possible outbreak of a fire.    He insures his property as a precaution against possible loss.    If he is indebted, his duty to his creditors requires this; and if not in debt, his duty to his family may induce him to procure the insurance.    He is not to become a prisoner on the property, however, nor to be charged with laches when, in the pursuit of his business, health, or pleasure, he temporarily leaves the property which still remains his home.    The necessity of most persons for temporary absences on business or family convenience is known to every one and must have been in the contemplation of the insurer when the policy was issued.

A policy of insurance is to be so construed, if possible, as to carry into effect the purpose for which the premium was paid and it was issued.    If it does not in fact insure the property covered by it and since destroyed by fire, then the savings of a lifetime may be lost because from a technical defect which did not affect the risk the company is enabled to evade its duty.

Forfeitures are odious in law and should never be enforced unless the court is compelled to do so. (*Dickenson v. State*, 20 Neb., 81; *Estabrook v. Hughes*, 8 Id., 496; *Hibbeler v. Gutheart*, 12 Id., 531.)

The business of an insurance company is to indemnify those of its patrons who have paid the amount demanded for the risk and sustained loss.    Where the loss has not happened through the fault of the insured, why should the insurer be permitted to retain the premium and refuse to

perform its contract, or upon what principles of justice are courts required to search for technical objections to relieve it from liability and thereby defraud its patrons? A substantial compliance with the contract is all that is required. A mere temporary absence, which at the most is all that is shown in this case, would not affect the risk. (*Stupetski v. Transatlantic Fire Ins. Co.*, 43 Mich., 373; S. C. 5 N. W. Rep., 401; *Cummins v. Agricultural Ins. Co.*, 67 N. Y., 260; *Herrman v. Merchants Ins. Co.*, 81 Id., 184; *Phœnix Ins. Co. v. Tucker*, 92 Ill., 64; *Dennison v. Phœnix Ins. Co.*, 52 Iowa 457; S. C. 3 N. W. Rep., 500.)

Of the defense that intoxicating liquor was sold in the building in violation of the statutes of Iowa, it is sufficient to say that the testimony shows that the defendants in error resided at Norfolk, Nebraska, while the agent of the company resided in the town in Iowa where the property was situated and near such property, and he seems to have been fully advised of the purposes for which the building was used. His business was to receive premiums and deliver policies. He could not shut his eyes to plain facts which he must have seen and known and the company plead ignorance thereof.

There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.