INSURANCE COMPANY OF NORTH AMERICA *v.* DANIEL W. PITTS.

[41 South. Rep., 5.]

1. INSURANCE. *Interest of owner. Vendor's lien.*

A vendee to whom land is conveyed in fee simple, although a part of the purchase money, secured by a vendor's lien, be unpaid, is the sole and unconditional owner within the terms of a fire insurance policy providing that it shall be void if the insured be other than the sole and unconditional owner of the property.

2. SAME. *Occupancy.. Vacant during life of policy.*

If a house be occupied at the time it is burned, an insurance company cannot escape liability because of a provision that its policy was to be void should the house become vacant and remain unoccupied for ten days, although it became vacant and remained unoccupied for ten days during the life of the policy.

FROM the circuit court of, second district, Tallahatchie county. HON. SAMUEL C. COOK, Judge.

Pitts, the appellee, was plaintiff in the court below; the insurance company, the appellant, was defendant there. From a

judgment in plaintiff's favor the defendant appealed to the supreme court.    The facts are stated in the opinion of the court.

*Williamson, Wells & Peyton,* for appellant.

If the property was unoccupied and vacant during the life of the policy, for more than ten days, the policy was thereby made void, although it may have been reoccupied by the tenant after the vacancy and the occupation continued even to the time of the fire.

Appellee contends that if the house was occupied at the time of the fire it makes no difference if it had been vacant for more than ten days at a prior period in the life of the policy.

We contend that the policy was void when the house became vacant, as admitted in the agreed statement of facts, from the 31st of March or the 1st of April to the 12th of June.    It makes no difference that another tenant took possession of the house and was in it at the time of the fire, unless permission had been obtained from and consent granted by the insurance company, that the property might remain vacant, the policy was at an end, when the ten days' vacancy expired.

This question, in our opinion, has been settled by the court in the case of *Scales* v. *Home Insurance Co.,* 71 Miss., 975 (s.c., 15 South. Rep., 134) ; *Moore* v. *Insurance Co.,* 62 N. H., 240; *Fabian* v. *Insurance Co.,* 33 N. H., 203 ; *Meade* v. *Insurance Co.,* 7 N. Y., 530; *Kyle* v. *Insurance Co.,* 149 Mass., 116 (21 N. E. Rep., 360) ; *Wilcox* v. *Insurance Co.,* 85 Wis., 193 (55 N. W. Rep., 186) ; *England* v. *Insurance Co.,* 81 Wis., 583 (51 N. W. Rep., 954) ; *Insurance Co.* v. *Carey,* 84 Wis., 80 (54 N. W. Rep., 18).

The question raised in the fourth plea is a good and perfect defense to this action by the plaintiff, and we cite the court to *Rosenstock* v. *Insurance Co.,* 82 Miss., 674 (35 South. Rep., 309).

The court will see that this case settled the principle as to the

clause in the policy which provides that it shall be void if the insured has not sole and unconditional ownership of the property.

*Dudley & Boatner,* for appellee.

In the case at bar appellee was sole and unconditional owner of the insured property at the time of the issuance of the policy, and this construction has been distinctly recognized in the following cases: *Imperial Fire Ins. Co.* v. *Dunham,* 117 Penn. St. Rep., 240; *Elliott* v. *Ins. Co.,* 117 Penn. St. Rep., 548 (2 Am. St. Rep., 703); *Johannes* v. *Ins. Co.,* 70 Wis., 196 (5 Am. St. Rep., 159); 13 Am. & Eng. Ency. Law, 234, and note.

There are a few cases holding that a reoccupation of the property after a vacancy for ten days does not bring the property back within the protection of the policy, but they are rare and are to be found only in two or three states, New Hampshire and Wisconsin adhering to the doctrine, but the great weight of authority is to the contrary and support the contention of appellee that when the property was reoccupied the policy is revived, and liability again attaches. While the property was unoccupied, the policy was only suspended. This is distinctly held by Elliott on Insurance, who says the decisions are conflicting on the question, but that the weight of authority supports the contention of appellee that the policy is revived and liability reattaches upon a reoccupation, and Elliott has superseded Ostrander, upon whom the contrary doctrine seems now to depend.

We ask the court to read paragraph, sec. 205, on p. 170 of Elliott on Insurance, and authorities there cited. The doctrine invoked by appellee is distinctly recognized in the following cases: Elliott on Insurance, sec. 205; *Ins. Co. of North America* v. *Garland,* 108 Ill., 220; *Moore* v. *Phoenix Ins. Co.,* 64 N. H., 140 (10 Am. St. Rep., 384, and notes). The case of *Scales* v. *Insurance Co.,* cited by counsel, does not apply.

*Harris & Powell,* on same side.

Whenever under a policy such as there is in this case, there is a vacancy for more than ten days, during that time the liability

of the company is merely suspended, and if it so desires it may cancel the policy, but if it does not so elect, and allows the policy to go on and occupancy resumes before the fire occurs, then the insurance company is bound if any loss occurs.

This rule is founded in equity and justice, and is supported by the greater weight of authorities. *Born* v. *Home Ins. Co.,* 110 Iowa, 379 (81 N. W. Rep., 677; 80 Am. St. Rep., 300); *State Ins. Co.* v. *Scherk,* 21 Neb., 527; *Omaha Ins. Co.* v. *Dierks,* 43 Neb., 473; *Joe Hanson* v. *Home Ins. Co.,* 54 Neb., 548; *Home Ins. Co.* v. *Joe Hanson,* 59 Neb., 349; *Thompkins* v. *Hartford Fire Ins. Co.,* 22 N. Y. App. Div., 380; *N. England Ins. Co.* v. *Welmore,* 32 Ill., 221; *Smidt* v. *Peoria Ins. Co.,* 41 Ill., 295; *Ins. Co.* v. *McDonald,* 80 Ill., 120; *Ins. Co.* v. *Garland,* 108 Ill., 220; *Traders Ins. Co.* v. *Catlin,* 163 Ill., 256; *Lounsberry* v. *Protection Ins. Co.,* 8 Conn., 459; *Insurance Co.* v. *Kimberly,* 34 Md., 224; *Mutual Fire Ins. Co.* v. *Coatesville,* 80 Penn. St. Rep., 407; *Krugs* v. *German Fire Ins. Co.,* 147 Penn. St. Rep., 272; *Greenlief* v. *St. Louis Fire Ins. Co.,* 57 Mo., 25.

CALHOON, J., delivered the opinion of the court.

The insurance company sought to defeat recovery of a fire loss because of two clauses in the policy, declaring that it should be void: (1) "If the interest of the insured be other than unconditional and sole ownership;" (2) if the building "be or become" vacant or unoccupied, and so remain for ten days."

As to the first, the facts are that at the date of the policy Pitts was in possession under a conveyance of title in feé simple. But the conveyance recites a cash payment of $200 and four deferred annual payments of $200 each. It does not expressly reserve a vendor's lien to secure the deferred payments, but our law gives that. It is to be noted in this record that there was no written application for the insurance, nor any representations made. The policy was issued pursuant to telephonic request to an agent, and so the reliance of the company is on the terms of the policy itself, with no pretense of any misrepresentations. We have no

.trouble in taking alignment with those decisions holding that Mr. Pitts was sole and unconditional owner in the purview of the law, notwithstanding there was a debt for purchase price. *Union Ins. Co.* v. *Nalls* (Va.), 44 S. E., 896; *Milwaukee Insurance Co.* v. *Rhea,* 123 Fed. Rep., 9 (60 C. C. A., 103); *Ellis* v. *Insurance Co.* (C. C.), 32 Fed. Rep., 646 (19 Cyc., 693); *Morolock Ins. Co.* v. *Rodefer* (Va.), 53 Am. St. Rep., 846, and notes. Strict construction as against the insurer is the rule, and the clause relates to the legal character of the title. In *Insurance Co.* v. *Cochran,* 77 Miss., 348 (26 South. Rep., 932), there was a written application for the insurance, and in it a deliberate misstatement that the applicants were the sole and unconditional owners, whereas,.in fact, they owned only an undivided one-half interest. This case can have no influence on that at bar. The decision was clearly correct. In *Rosenstock* v. *Insurance Co.,* 82 Miss., 674 (35 South. Rep., 309), Rosenstock, the insured, was the vendor of the property, not in his possession, but of which he had put his vendee in possession, to whom he was under written agreement to convey on payment of a purchase price of which he had actually received much more than one-half. He could not be regarded as unconditional owner. He was owner only on the express condition to convey. This decision does not affect the case before us, as its reasoning demonstrates.

On the second contention the facts are that, pending the policy, the premises were at one time vacant for more than ten days, but actual possession was resumed, and some time afterwards, and while occupied, the fire occurred. If the loss had occurred during the prohibited vacancy, there could be no recovery. This is everywhere held, and so decided by our own court in *Insurance Co.* v. *Scales,* 71 Miss., 975 (15 South. Rep., 134). Authorities are not wanting to sustain the views of learned counsel for appellant, and they are sustained also by Mr. Ostrander on Fire Insurance (2d ed., 1897), sec. 145, and the numerical weight of .the decisions he cites in note 5. We prefer to stand on the manifest

trend and weight of modern authority, *Born* v. *Home Ins. Co.,* 110 Iowa., 379 (81 N. W. Rep., 676), and on Freeman's note to that case in 80 Am. St. Rep., 310; Elliott on Insurance, sec. 205, and the other citations of the briefs for appellee. If the insurance had been for three years or more, and the premium paid, and the vacancy during the first month, and the fire afterwards and during occupancy, it would be very unfair to deprive the insured of protection. The common people who insure should not be entrapped by a harsh construction of a technical word. The insurance is revived by occupancy, though suspended during the vacancy.

*Affirmed.*