SUMTER TOBACCO WAREHOUSE CO. v. PHOENIX ASSUR-
ANCE CO.

1. INSURANCE.—A policy of insurance on a building is not void because of a temporary increase in the hazard by act of owner in renting to a tenant to be used for a business more hazardous than contemplated by policy, under a provision in the policy to the effect that an increased hazard within the control or knowledge of the insured would avoid the policy where the temporary hazard ended without loss and the loss occurred from another cause.

2. CORPORATION—CHARTER—EVIDENCE.—Original charter duly certified is the highest evidence of incorporation. Irregularity in name of charter by changing name in the charter from that expressed in the declaration can only be attacked by State in a direct proceeding to annul the charter, under Code 1902, 1885.

3. IBID.—INSURANCE—ESTOPPEL.—A DEED was executed to a corporation before charter issued in the name set out in the declaration. Name in charter was changed by omitting one word from the title in the declaration. *Held,* the deed conveyed the property to the corporation and an insurance company will not be heard to make this objection after issuing policy and collecting premium.

Before PURDY, J., Sumter, May, 1905.    Affirmed.

Action by Sumter Tobacco Warehouse Co. against Phœnix Assurance Co., Limited, of London. From judgment for plaintiff, defendant appeals.

*Mr. Jno. T. Seibels* and *Haynesworth & Haynesworth,* for appellant. *Mr. Seibels* cites: *As to irregularity in name of charter:* 15 S. C., 185. *Deed to corporation in wrong name conveys no title:* 3 L. R. A., 583; 108 Mass., 227; 4 Wheat., 1; 5 L. R. A., 121; 9 Rich., 309. *Evidence as to waiver was irrelevant:* 68 S. C., 387; 42 S. C., 121. *What constitutes waiver:* 54 S. C., 603; 1 May on Ins., 217, 125, 126; 2 May, 505; 2 Bacon on Ben. Soc. and Life Ins., 421, 423, 424; 12 Ency., 336; 68 S. C., 387. *Charge of risk avoids the policy:* 1 May, 218, 221; 123 Mich., 291; 158 Mass., 475; 151 U. S., 452; 116 U. S., 131; 11 L. R. A., 299; Vance on Ins., 153.

*Messrs. Lee & Moise,* contra, cite: *Evidence as to waiver is competent in reply:* 43 S. C., 26; 63 S. C., 26. *Insurer cannot now object that insured had no title, as deed was recorded:* 48 S. C., 195; 36 S. C., 273; 63 S. C., 197. *A person authorized to accept risks, agree upon and settle the terms of insurance, is a general agent of the company:* 16 Ency., 2 ed., 942; 52 S. C., 224; 55 S. C., 568; 48 S. C., 195. *As to waiver of defect in title:* 27 Wis., 693. *Was*

*there an increase of hazard which forfeited the policy?* 173 Pa., 53; 96 U. S., 242; 78 Fed., 33; 102 Pa., 266; May on Ins., 172-9; Woods, 141-6; 139 Pa., 271; 32 N. Y., 405; 67 N. J. L., 310; 41 Pa., 47; 1 Mon., 369; 149 Pa., 94; 95 Pa., 492; 20 W. N. C., 107; 90 Pa., 277; 45 L. R. A., 204; 30 N. E. R., 392; 191 Pa., 276; 170 Pa., 151; 112 Pa., 80; 147 Pa., 272; M. & M., 90; 117 N. Y., 103; 3 Const., 122; 59 N. J. L., 544; 14 Vroom, 468; 30 Neb., 102; 29 Me., 97; 80 Pa., 407; 92 Pa., 277; 18 Blach., 368; 35 L. R. A., 595; 41 Ill., 295; 57 Ill. App., 201; 74 Wis., 470; 43 Neb., 473; 34 Md., 224; 28 Hun., 98; Phillips on Ins., 975; Wood, 593; 1 Par. on Ma. Ins., 377; Porter on Ins., 184; 160 Pa., 345; 141 Pa., 47; 149 Pa., 94.

February 8, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from a judgment recovered by the plaintiff on a policy of insurance issued by the defendant insurance company covering a "two story frame shingle roof prizery," the property having been destroyed by fire on July the 11th, 1903.

The defense on the merits was under the following provisions of the policy: "This entire policy, unless provided by agreement indorsed hereon or added hereto, shall be void * * * if the hazard be increased by any means within the control or knowledge of the insured * * * ." "This entire policy unless otherwise provided by agreement indorsed hereon or added hereto * * * shall be void if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance. (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise."

The specific violation of these conditions alleged as avoiding the policy was that the plaintiff had changed the possession and increased the hazard by renting the building to a tenant who used it by permission of the plaintiff, and with-

out the knowledge or consent of the defendant, in making and renovating mattresses, a business more hazardous than conducting a tobacco prizery, which was the business mentioned in the policy.

We consider first the exception which charges error in the instruction: "If the jury believe that the possession of the property insured was delivered to a tenant who occupied the property with an increased hazard, and if the jury believe that the occupation was temporary and ceased before the fire, then such occupation would not prevent a recovery, if it was contemplated and agreed between the parties that there should be a temporary use of it." The same point was made in other exceptions to the charge by request to direct a verdict and by motion for a new trial.

Stating the evidence as to change of possession and increase of hazard most favorably to the defendant, it is manifest such change and increased hazard was only temporary, had ceased before the fire occurred and had no connection with it. Ryttenberg, plaintiff's agent, about a month prior to the fire, agreed to rent the property to one Potter, a maker and renovater of mattresses. Potter went into possession and placed a steam engine just outside of the building, which a witness on one occasion saw fired up ready for use in the mattress business; but finding the building not suited to his purposes, Potter moved out after an occupancy of only two or three days. Ryttenberg seems to have supposed Potter was still in possession at the time of the fire, as he so stated in his proof of loss. In this statement of the facts, all evidence objected to by the defendant has been left out of view; and if a temporary change of possession increasing the risk while it lasts, but discontinued before the fire, does not totally avoid the policy, but merely suspends it during the prohibited use, the provisions of the policy above quoted cannot avail the defendant.

On this point the authorities are in hopeless conflict. Some Courts of high authority hold the policy to be finally

avoided by such temporary increase of hazard. *Mead* v. *Ins. Co.,* 7 N. Y., 530; *Wheeler* v. *Ins. Co.* (N. H.), 13 Am. St. Rep., 582; *Kyle* v. *Ins. Co.* (Ind.), 24 N. E., 727; *Russell* v. *Ins. Co.* (Kan.), 69 Pa., 345. The precise point has not been decided by the Supreme Court of the United States, but the case of *Kyte* v. *Ins. Co.* (Mass.), 21 N. E., 361, is cited with approval in *Imperial etc. Ins. Co.* v. *Coos County,* 151 U. S., 451. The issue in the last mentioned case, however, was not as to the effect of a temporary change, but of a permanent change due to material alterations of the building without the consent of the insurer. In *Liverpool etc. Ins. Co.* v. *Gunther,* 116 U. S., 131, the prohibited hazard was in existence at the time of the fire, and the exact point here under consideration was not involved. The reasoning in *Kyte* v. *Ins. Co.,* the Massachusetts case just referred to, is that unless the policy be regarded at an end the moment the hazard is increased, the insurance company would be held to furnish insurance for which it had *not* received the consideration it was entitled to demand and which with knowledge of the facts it would have demanded. But this reasoning seems fallacious, for the insurer is generally held to be not liable at all if the fire occurs during the continuance of the increased risk and in consequence of it.

The contract of insurance must, like other contracts, be enforced according to its terms. In construing such contracts, however, Courts should endeavor to ascertain from the language used, in the light of the surrounding circumstances and the nature of the business, the safeguards which the parties intended to place around themselves. It may be reasonable to suppose an insurance company would desire to reserve the valuable right of cancelling a policy even on a temporary increase of hazard if known to it at the time, because such change might result in loss; but it is *not* reasonable to impute to it a purpose or desire to curtail its own revenue by canceling a policy on account of a temporary increase of hazard which has come to an end without

loss and from which it could not possibly suffer detriment. Hence there may be ground for holding a temporary increase of hazard forbidden by the policy to avoid the insurance without action or even knowledge on the part of the company when the loss resulted from that cause, but there is no ground for such a holding when the increase of hazard came to an end without loss. The greater weight of authority supports this conclusion. *Wetmore* v. *Ins. Co.*, 32 Ill., 221; *Catlin* v. *Ins. Co.* (Ill.), 45 N. E., 255; *Born* v. *Ins. Co.* (Iowa), 80 Am. St. Rep., 300, and note; *Lawrence* v. *Ins. Co.* (Ken.), 81 Am. Dec., 521; *Kimberly* v. *Ins. Co.* (Md.), 6 Am. Rep., 325; *Ainger* v. *Ins. Co.* (S. D.), 66 Am. St. Rep., 685, and note; *Dond* v. *Ins. Co.*, 141 Pa., 47; *Adair* v. *Ins. Co.* (Ga.), 45 L. R. A., 204; *Wade* v. *Ins. Co.* (Tex.), 58 L. R. A., 714; *Union Stockyards Co.* v. *Ins. Co.* (Ky.), 87 S. W., 285; *McLimans* v. *Ins. Co.* (Neb.), 45 N. W., 171; *Gates* v. *Ins. Co.* (N. Y.), 55 Am. Dec., 360.

While in the case of *Leggett* v. *Ins. Co.*, 10 Rich., 202, stress was laid on the fact that the action was for insurance on a stock of goods and not on the building in which they were contained, and that, therefore, some of the provisions of the policy similar to those here under consideration had no application; yet in that case the Court of Appeals approved a charge to the effect that an increase of risk permanent and continuous took away the benefit of the policy even though it did not produce the loss, but that "an occasional temporary increase of risk took away only the right to complain of loss which it had occasioned, and did not affect the right to recover for a loss with which it was in no way concerned."

Some of the cases above cited from other States seem to go to the extent of holding that a temporary increase of hazard would not prevent a recovery on the policy even where the fire was occasioned by the increased hazard. As to that question we express no opinion as it is not involved in this case.

6—76

It follows from this discussion that the plaintiff was entitled to recover without respect to the question of waiver, on the facts as proved by the defendant, unless there is some material error as to another defense set up by the defendant.

In proving title to the property plaintiff offered in evidence a deed from William Moran to the Sumter Tobacco and Cotton Warehouse Company, and a charter issued by the Secretary of State to the Sumter Tobacco Warehouse Company, the charter reciting that the original declaration set forth the name of the corporation as the Sumter Tobacco and Cotton Warehouse Company, but this name had been changed to the Sumter Tobacco Warehouse Company. The objection made to the admission of this charter on the ground that section 1884 of Civil Code allows a certified copy of the charter to be received in evidence and, therefore, the original charter duly certified was inadmissible, is so obviously without force that it requires no consideration. The original charter duly certified is the highest evidence of the incorporation. The defendant could not avail itself of any alleged irregularity in complying with the law in changing the name of the corporation, because under section 1885, of Civil Code. such irregularity is available only in a direct proceeding to annul the charter instituted on behalf of the State.

One of the grounds of the motion for a new trial was that the deed of conveyance to the Sumter Tobacco and Cotton Warehouse Company conveying the lot on which the building stood was insufficient to prove title to the Sumter Warehouse Company. The deed was dated January the 16th, 1896, after the declaration looking to the charter of the Sumter Tobacco and Cotton Warehouse Company had been filed, but before the charter was actually issued in the name of the Sumter Tobacco Warehouse Company. It is the duty of Courts to give effect to deeds made in good faith rather than destroy them on technical grounds. A deed to a corporation made before the charter, will have effect as soon as the charter is obtained, on the ground that

its acceptance should be presumed as soon as the corporation is competent to accept it. 4 Thompson on Corporations, 5114 and 5115. The slight change in the name of the corporation can make no difference. Certain it is, that Moran, the grantor, would not be heard to allege against the validity of the deed on the ground taken by the defendant; and for a greater reason the defendant company, which had no interest in the land, after having issued its policy and having received its premium from the plaintiff as the owner of the property, cannot be allowed to do so. It would needlessly lengthen this opinion to review the cases relied on by the defendant; they are all different in their facts and are not applicable to this case. To hold that the slight change in the name of the corporation should defeat the deed, would be to refuse to regard the intention of all parties concerned for the sake of an attenuated technicality.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.