BEECHER *v.* VERMONT MUTUAL FIRE INSURANCE COMPANY.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Fire Insurance—Policy—Provision Against Vacancy—Construction.*

A provision in a policy of fire insurance, that it shall be void if the property covered shall be unoccupied for a period of ten days without the consent of the insurance company, merely suspends the insurance during the unoccupancy, and the policy is revived by a reoccupancy.

ASSUMPSIT upon a policy of fire insurance. Plea, the general issue with notice of special matter in defence; among other things, that the buildings burned were vacant at the time of the fire, and that the same had been allowed to remain vacant from time to time without giving notice to the defendant, as required by the policy. Trial by jury, October Term, 1915, Essex County, *Slack*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The policy contained the following provision:—''This policy shall be void in the following instances, unless consent is indorsed by the secretary herein, namely: ............... if a building herein described, whether intended for occupancy by owner or tenant, be or became vacant or unoccupied and so remain for ten days, or fail to be occupied for the legitimate purposes for which it was insured.''

At the time of the fire the property was occupied by the insured, but it had twice remained vacant, for periods of over ten days, during the time covered by the policy. No consent to vacancy was indorsed upon the policy.

*Fred L. Laird* for defendant.

*Porter, Witters & Harvey* for plaintiff.

POWERS, J.  The policy carried by this plaintiff in the defendant company contained a provision that it should be void if the property covered should be unoccupied for a period of ten days without the consent of the company.  A fire having occurred, this suit was brought upon the policy, and the company here defends on the ground of a violation of this provision. The policy ran for five years from its date, and on various occasions before the fire the buildings were unoccupied for the specified period, though they were occupied by the assured at the time of the fire.  The case as presented presupposes the validity of this condition in the circumstances shown; but in our view the question of its validity is of vital importance.  Some of the cases like *Hoover* v. *Ins. Co.*, 93 Mo. App. 111, 69 S. W. 42; *Moore* v. *Phoenix Ins. Co.*, 64 N. H. 140, 6 Atl. 27, 10 Am. St. Rep. 384, Id., 62 N. H. 240, 13 Am. St. Rep. 556; *Dolliver* v. *Granite State Fire Ins. Co.*, 111 Me. 275, 89 Atl. 8, 50 L. R. A. (N. S.) 1106, Ann. Cas. 1916 C, 765, rigorously adhere to a literal interpretation of such provisions, and deny a recovery though the premises are reoccupied before the fire occurs.  But we do not hesitate to align ourselves with *Ins. Co. of No. Am.* v. *Garland,* 108 Ill. 220; *Silver* v. *London Ass'n Corp.*, 61 Wash. 593, 112 Pac. 666; *Ins. Co. of No. Am.* v. *Pitts,* 88 Miss. 587, 41 So. 5, 7 L. R. A. (N. S.) 627, 117 Am. St. Rep. 756, 9 Ann. Cas. 54; *Born* v. *Home Ins. Co.,* 110 Iowa 379, 81 N. W. 676, 90 Am. St. Rep. 300; and *Sumter Tobacco Warehouse Co.* v. *Phoenix Ins. Co.,* 76 S. C. 76, 56 S. E. 654, 10 L. R. A. (N. S.) 736, 121 Am. St. Rep. 941, 11 Ann. Cas. 780, by holding that this provision, rightly construed, merely suspends the insurance during the unoccupancy, and that the policy is revived by a reoccupancy before the fire.  Such a construction accords with the real purpose of the provision, and harmonizes with the doctrines of this Court in kindred cases.  To hold otherwise is to give the company an unconscionable advantage over its patrons, by allowing it to retain the full premium, a part of which is unearned, and enabling it to take advantage of an unsuspected forfeiture through an innocent violation of one of the numerous conditions inserted in the policy, though it be a most trivial matter and wholly unconnected with the fire.  We cannot believe that the company seriously expected such a result when the language of the policy was selected.  Certainly,

it would be well-nigh impossible to keep within the literal terms of the policy under present day living conditions.

*Judgment affirmed.*