Public Fire Insurance Company, a Corporation, *Plaintiff in Error,* v. Estelle Crumpton, joined by her husband, W. J. Crumpton, *Defendant in Error.*

148 So. 537.

Division B.

Opinion filed May 9, 1933.

*Batchelor & Rinehart,* for Plaintiff in Error;

*Henderson & Franklin* and *E. M. Magaha,* for Defendant in Error.

Buford, J.—The writ of error in this cause challenges the legality of a judgment in favor of the plaintiffs in the court below, defendants in error here, against defendant on a fire insurance policy. The policy contains the following provision:

"This entire policy, unlesss otherwise provided by agreement endorsed hereon or added hereto, shall be void if the hazard be increased by any means within the control or knowledge of the insured."

The policy was originally issued to W. J. Crumpton, but was afterwards by endorsement made payable to Estelle Crumpton.

The defendant filed several pleas to an amended declaration which were demurred to. The demurrer was sus-

tained and, defendant declining to plead further, judgment was entered.

Plaintiff in error contends that the sustaining of the demurrer to pleas numbered 2 to 7, inclusive, and to pleas numbered 8 to 10, inclusive, was reversible error. Pleas numbered 2, 3 and 4 fail to allege that the alleged increased hazard obtained at the time of the alleged destruction of the property by fire. Pleas numbered 5, 6 and 7 do allege that the condition by which the hazard was increased existed at and before the time of the fire. Pleas 8, 9 and 10 fail to allege that the condition which is alleged to have increased the hazard obtained at the time of the fire.

It appears that there are two lines of decisions in regard to provisions of insurance policies such as that above quoted. One line of decisions holds that where such a clause is inserted in the policy and the hazard is increased by means within the control or knowledge of the insured without the agreement of the insuror for such change being endorsed thereon, or added thereto, the policy becomes void upon the increase of the hazard and remains void thereafter. The other line of authorities, with which this Court is in harmony, holds that the effect of such a change in the hazard results in the policy becoming voidable and that the forfeiture clause may be waived by the insurance company. See Palatine Ins. Co. v. Whitfield, 73 Fla. 716, 74 Sou. 869; Tillis v. L. L. & G. Ins. Co., 46 Fla. 258, 35 Sou. 171; Eagle Fire Ins. Co. v. Lewallen, 56 Fla. 246, 47 Sou. 947; Caledonia Ins. Co. v. Smith, 65 Fla. 429, 62 Sou. 595; Jones v. American Eagle Ins. Co., 91 Fla. 565, 108 Sou. 165.

In Sumter Tobacco Warehouse Co. v. Phoenix Ins. Co. Lmtd. of London, reported in 56 S. E. 654, the Supreme Court of South Carolina in an able opinion prepared by Mr.

Justice WOODS, construing a like provision of an insurance contract said:

"On this point the authorities are in hopeless conflict. Some courts of high authority hold the policy to be finally avoided by such temporary increase of hazard. Meade v. Ins. Co., 7 N. Y. 530; Wheeler v. Ins. Co., 62 N. H. 326; 13 Am. St. Rep. 582; Ins. Co. v. Kyte, 24 N. E. 727, 124 Ind. 132, 9 L. R. A. 81, 19 Am. St. Rep. 77; Ins. Co. v. Russell, 69 Pac. 345, 65 Kan. 373, 58 L. R. A. 234. The precise point has not been decided by the Supreme Court of the United States, but the case of Kyte v. Ins. Co., 21 N. E. 361, 149 Mass. 116, 3 L. R. A. 508, is cited with approval in Imperial, etc. Ins. Co. v. Coos County, 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231.

The issue in the last mentioned case, however, was not as to the effect of a temporary change, but of a permanent change due to material alterations of the building without the consent of the insurer. In Liverpool etc. Ins. Co. v. Gunther, 116 U. S. 113, 6 Sup. Ct. 306, 29 L. Ed. 575, the prohibited hazard was in existence at the time of the fire and the exact point here under consideration was not involved. The reasoning in Kyte v. Ins. Co., the Massachusetts case just referred to, is that unless the policy be regarded at an end the moment the hazard is increased, the insurance company would be held to furnish insurance for which it had not received the consideration it was entitled to demand and which with knowledge of the facts it would have demanded. But this reasoning seems fallacious, for the insurer is generally held to be not liable at all if the fire occurs during the continuance of the increased risk and in consequence of it. The contract of insurance must, like other contracts, be enforced according to its terms. In construing such contracts, however, courts should endeavor to ascertain from the lan-

guage used in the light of the surrounding circumstances and the nature of the business, the safeguards which the parties intended to place around themselves. It may be reasonable to suppose an insurance company would desire to reserve the valuable right of cancelling a policy even on a temporary increase of hazard if known to it at the time, because such change might result in loss, but it is not reasonable to impute to it a purpose or desire to curtail its own revenue by cancelling a policy on account of a temporary increase of hazard which has come to an end without loss and from which it could not possibly suffer detriment. Hence, there may be ground for holding a temporary increase of hazard forbidden by the policy to avoid the insurance without action or even knowledge on the part of the company when the loss resulted from that cause, but there is no ground for such an inference when the increase of hazard came to an end without loss. The greater weight of authority supports this conclusion. Ins. Co. v. Wetmore, 32 Ill. 221, National Fire Ins. Co. v. Catlin, 45 N. E. 255, 163 Ill. 256, 35 L. R. A. 595; Born v. Ins. Co., 80 Am. St. Rep. 300, 110 Iowa 379, 81 N. W. 676, and note; Ins. Co. v. Lawrence, 81 Am. Dec. 521, 4 Ky. 9; Ins. Co. v. Kimberly, 6 Am. Rep. 325, 34 Md. 224; Angler v. Ins. Co. 71 N. W. 761, 66 Am. St. Rep. 685, and note; Doud v. Ins. Co. 141 Pa. 47, 21 Atl. 505, 23 Am. St. Rep. 263; Adair v. Ins. Co., 45 L. R. A. 204, 107 Ga. 297, 33 S. E. 78, 73 Am. St. Rep. 122; Wade v. Ins. Co., 58 L. R. A. 714, 95 Tex. 598, 58 S. W. 977, 93 Am. St. Rep. 870; Ins. Co. v. Union Stockyards Co., 87 S. W. 285, 27 Ky. Law. Rep. 852; Ins. Co. v. McLimans, 45 N. W. 171, 28 Neb. 846; Gates v. Ins. Co., 55 Am. Dec. 360, 5 N. Y. 469."

We see no reason to add a great deal to what has been said in the South Carolina case.

Another case much in point is that of Northern Insurance Co. v. Morris by the Ohio Court of Appeals, reported in 165 N. E. 506, in which case the Court said:

"The purpose of the provision defeating recovery because of increased hazard is because the increased peril may cause the fire and if the loss ensues from a cause foreign to an increased hazard, then there is no causal connection between the hazard and the fire and there can be no failure of recovery by the insured, unless it be upon the theory that the increased hazard having once begun in law has never ended, and this does not seem to be the rule in Ohio."

In support of this enunciation that case cites the case of Ohio Farmers Ins. Co. Burgett 65 Ohio St. 119, 61 N. E. 712; 55 L. R. A. 825, 87 Am. St. Rep. 596. It is pointed out that this rule has been followed in Connecticut, Georgia, Illinois, Iowa, Indiana, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Mississippi, Nebraska, New Jersey, New York, Pennsylvania and Vermont. The following decisions are cited in support of this contention:

Lounsbury v. Prot. Ins. Co., 8 Conn. 459;
Adair v. Sou. Mutual Ins. Co., 107 Ga. 297, 33 S. E. 78;
Traders Ins. Co. v. Catlin, 163 Ill. 256;
Ins. Co. v. Garland, 108 Ill. 220;
Born v. Holmes Ins. Co., 110 Iowa 379, 81 N. W. 676;
Aetna Ins. Co. v. Meyers, 63 Ind. 238;
Phoenix Ins. Co. v. Lawrence, 4 Met. 9;
Power v. Ocean Ins. Co., 19 La. 28, 36 Am. Dec. 665;
Joyce v. Maines Ins. Co., 45 Me. 168;
U. S. Ins. Co. v. Kimberly, 24 Md. 224;
Hinckley v. Germania Fire Ins. Co., 140 Mass. 38, 1 N. E. 737;
Ins. Co. of N. A. v. Pitts, 88 Miss. 587, 41 Sou. 5;
State Ins. Co. v. Schreck, 27 Neb. 527; 43 N. W. 340;

Omaha Fire Ins. Co. v. Dirks, 43 Neb. 473, 61 N. W. 740;

Garrison v Farmers Fire Ins. Co., 56 N. J. L., 238, 28 Atl. 8;

Tompkins v. Hartford Fire Ins. Co., 49 N. Y. S. 184;

Cumberland Valley etc. Ins. Co. v. Schell, 29 Pa. St. 31;

Mutual Fire Ins. Co. v. Coatesville Shoe Factory, 80 Pa. St. 407;

Beecher v. Vermont Mutual Fire Ins. Co., 90 Vt. 347, 98 Atl. 917.

It appears to us that where the insurer wishes to defend upon the ground that the terms of the policy have been violated by the non-observance or by the breach of a clause in an insurance policy like the one here under consideration, it is necessary to plead the condition which it is contended increased the hazard. It is further necessary to plead that that condition existed before and at the time of the fire, or that the fire was the result of that change which increased the hazard. Of course, the burden is then upon the insurance company to prove the changed condition, that such change in the condition did actually increase the hazard and that the condition which increased the hazard obtained at and before the time of the fire, or that the fire occurred as result of such action or conduct increasing the hazard, if the alleged condition which increased the hazard had ceased to exist prior to the occurrence of the fire.

Pleas numbered 2, 3, 4, 8, 9 and 10 failed to meet this rule. While pleas numbered 5, 6 and 7, we deem sufficient to allege an existing change in the condition increasing the hazard at and before the time of the fire. We do not hold that where it is shown that a condition increasing the hazard was allowed to obtain at the time of the fire it is necessary for the insurer to prove that the fire was the result of that condition

which increased the hazard. To do so would be to require that which in most cases would be impossible and would deprive the insurance company of a substantial right which it is entitled to enforce under the terms of its contract. In other words, if the insured in violation of the terms of the contract, increases the hazard, the insured thereby takes all the risk and if the property is destroyed while that increased hazard continues he voluntarily releases the insurer from its obligation and suspends the policy of insurance while such increased hazard continues.

The demurrer to the pleas numbered 5, 6 and 7 should have been overruled and the issue tendered thereby as to whether or not the hazard had been increased by means within the control or knowledge of the insured and, if so, whether or not the condition increasing the hazard obtained at the time of the loss should have been submitted to the jury for its determination.

The judgment should be reversed and the cause remanded with directions for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.